317 So.2d 238 (1975)
COLLEGE PARK CREDIT CORPORATION
v.
Gavin P. AITKENS and Patricia Aitkens.
No. 10310.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
On Rehearing September 2, 1975.
*239 Garic K. Barranger, Covington, for appellant.
Robert A. Anderson, Jr., Covington, for appellees.
Before SARTAIN, ELLIS and BARNETTE, JJ.
ELLIS, Judge.
This is a suit on a promissory note. Plaintiff is College Park Credit Corporation, the original payee of the note. Defendants are Gavin P. Aitkens and Patricia Aitkens, his wife, the makers of the note. The only defense made is that plaintiff failed to comply with the "Truth in Lending Act", 15 U.S.C.A. Sec. 1601 et seq., by not delivering to defendants a copy of the disclosure statement required thereby. After trial on the merits, judgment was rendered in favor of plaintiff and defendants have appealed.
The record contains a "Federal Truth in Lending Disclosure Statement" signed by both defendants. It contains the following language:
"The undersigned acknowledge receipt of a copy of this statement prior to the delivery of the Promissory Note referred to above."
Dr. Aitkens testified that he had no recollection of the transaction. Mrs. Aitkens testified that she kept all the papers relative to the transaction in a brown folder, and that there was no copy of the disclosure statement therein. Neither of them denied having received a copy of the statement.
The "Truth in Lending Act" does not provide that any presumptions arise from the introduction in evidence of a signed disclosure statement, or for any particular burden of proof in suits between the original parties to a note which is not secured by an interest in real property. The burden of proof is, therefore, as in any other case. See 15 U.S.C.A. Sec. 1635(c), Sec. 1641.
Plaintiff has shown a receipt for a copy of the disclosure statement signed by defendants. The testimony of defendants was not found sufficient to rebut plaintiff's evidence, which certainly constitutes prima facie proof of delivery. We think the trial judge correctly resolved the issue in favor of plaintiff.
The judgment appealed from is affirmed, at plaintiff's cost.
Affirmed.
Before SARTAIN, ELLIS and BARNETTE, JJ.
PER CURIAM.
It is necessary in this case that we grant a rehearing to correct an error on our part when we inadvertently cast plaintiff-appellee, the successful litigant, for costs.
Counsel for defendants-appellants concurs in the application, specifically waives oral argument, and consents to a rehearing for this limited purpose.
Accordingly, a rehearing is granted herein and our original decision is amended, affirming the judgment of the trial court at defendant-appellants' costs. Our original opinion, as amended, is hereby reinstated.
Original judgment amended and as amended reinstated.