BOARDMAN, Chief Judge.
Appellee/plaintiff, Guenther Builders, filed a complaint on February 19, 1976, seeking to foreclose a mortgage on a parcel of real property owned by appellants/defendants, Silvestra and San Juan Yslas. On April 15, 1975, appellants, husband and wife, and appellee entered into a home improvement installment sales contract. Appellants executed a note and a mortgage on their residence[1] to secure payment of the contract price and finance charges. Under the terms of the promissory note appellants agreed to pay appellee a total of $5,609.52 which included a finance charge of $2,309.52. Appellee alleged that appellants defaulted and declared that appellants owed $3,266.61 on the note plus interest. Appellants answered that the obligation relied on by appellee had been rescinded by the terms of 15 U.S.C. § 1635(f) and 12 C.F.R. § 226.9(h), that no contract existed upon which suit could be based, and that the security interest was void. Appellants filed a counterclaim praying that the court decree that the contract was voided by rescission, that any monies paid by them on the contract be returned, and that the court award damages, attorneys’ fees and costs. Appellants alleged appellee’s failure to disclose their right to cancel the contract and note within three days following the transaction in violation of the Truth in Lending Act, 15 U.S.C. §§ 1601-1665. The trial court granted appellee’s motion for summary judgment which was accompanied by a supporting affidavit that he had served appellant San Juan Yslas with a federal rescission form which Mr. Yslas signed. Ap-pellee stated in a memorandum of law in support of its motion that the transaction had not been rescinded pursuant to 15 U.S.C. § 1635. Appellants contend on appeal that appellee did not refute all of their affirmative defenses nor all of the allegations of their counterclaim. They contend specifically that appellant Silvestra Yslas was entitled to notice of her opportunity to rescind as an obligor which she had not received and that she had rescinded the transaction.
It is well established that on a motion for summary judgment the movant admits all facts and inferences or conclusions reasonably drawn from the evidence which are favorable to the opposing party. Where the real property affected by the transaction is held by the obligors as joint owners the right to receive notice of the right of rescission and the right to rescind applies separately to each of those obligated under the transaction. See Gerasta v. Hibernia National Bank, 411 F.Supp. 176 (E.D.La. 1976); 12 C.F.R. §§ 226.6(e), .9(f), .902. If appellants are able to prove that Mrs. Yslas did not receive the required notice and did timely exercise her right to rescind, the mortgage would be void and the parties entitled to be returned to the status quo.[2] *861 15 U.S.C. § 1635(b); 12 C.F.R. § 226.9(b)(d). Furthermore if appellee did fail to comply with its obligation appellants may be entitled to damages under 15 U.S.C. § 1640.[3] We hold that whether appellee complied with 15 U.S.C. § 1635(a) by notifying Silves-tra Yslas of her right to rescind and whether she exercised that right to rescind are material questions of fact which could not be resolved by summary judgment.
Accordingly the judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
GRIMES and OTT, JJ., concur.

. Although appellants do not state in their pleadings that they own the property either as an estate by the entireties or by joint tenancy the installment sales contract appended to ap-pellee’s complaint recites that the record owners of the property are Silvestra and San Juan Yslas. Since there was no affirmative showing to the contrary we will assume for purposes of this appeal that appellants hold the property under some type of joint ownership. There is no question that both appellants were obligors under the terms of the contract.

. The statutory scheme to effect restoration to the status quo provides that within ten days of receipt of the notice of rescission the creditor return any property of the debtor and void the security interest in the debtor’s property. The debtor is not obligated to tender any property of the creditor in the debtor’s possession until the creditor has performed his obligations. If the creditor does not perform within ten days of the notice or does not take possession of his property within ten days of the tender, ownership of the creditor’s property vests in the debtor without further obligation. See Sosa v. Fite, 498 F.2d 114 (5th Cir. 1974); Powers v. Sims & Levin Realtors, 396 F.Supp. 12 (E.D.Va. 1975); 15 U.S.C. § 1635(b). As suggested in Grandway Credit Corp. v. Brown, 295 So.2d 714 (Fla. 3d DCA 1974) and Giliis v. Fisher Hardware Co., 289 So.2d 451 (Fla. 1st DCA *861 1974) the underlying obligation is not voided by 15 U.S.C. § 1635 rescission unless the creditor fails to perform his statutory duties.

. It has not been firmly established whether the ■ debtor can elect both remedies, that is to re-sema and to seek damages, or must seek one or the other. See Am.Jur.2d New Topic Service Consumer Credit Protection § 80 (1976); An-not„ 11 A.L.R.Fed. 815 (1972, Supp.1976).