Raymond WHITLOCK, George Tree and
Lily Tree, Plaintiffs,

v.

MIDWEST ACCEPTANCE CORP. and
Oliver Auto Sales, Inc., Defendants.

No. 76–1147C(A).

United States District Court,
E. D. Missouri, E. D.

Sept. 6, 1977.

Bertram Cooper, Legal Aid Society, St. Louis, Mo., for plaintiffs.

James L. Van Dillen, Clayton, Mo., for Oliver Auto Sales, Inc.

Arthur Kreisman, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

HARPER, District Judge.

This matter is before the Court on plaintiffs' motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b).

The salient facts pertinent to this motion are as follows: Plaintiffs brought this action for an alleged violation of the Consumer Credit Protection Act of 1968 (hereinafter referred to as the Act) 15 U.S.C. § 1601 et seq., commonly known as the Truth-in-Lending Act, and Regulation Z, 12 CFR 226.1 et seq., as promulgated by the Board of Governors of the Federal Reserve System. In paragraph 10(c) of their amended complaint, plaintiffs alleged that the defendant-creditors failed to give the plaintiffs a copy of the financial disclosure statement prior to the consummation of the transaction in violation of § 226.8(a) of Regulation Z. However, the loan document involved herein contained the following acknowledgment: "Borrower further acknowledges that he received a fully completed copy of the above Note-Loan Statement." The signature of the plaintiffs are present beneath this acknowledgment.

Plaintiffs and defendants submitted cross motions for summary judgment. On page 1 of plaintiffs' suggestions in support of their motion, it states: "This case is ripe for a motion for summary judgment by plaintiffs, as the answers filed by defendants to the amended complaint and request for admissions show there is no genuine issue of material fact." On page 16 of their suggestions, plaintiffs did state, however, that, "[i]f the Court finds all of the preceding arguments unpersuasive, it cannot grant summary judgment against plaintiffs as there still remains a material factual issue —i. e., whether the plaintiffs received all the disclosures required by the Act before the transaction was consummated." Plaintiffs did not submit supporting affidavits in this regard. The Court ruled in favor of defendants granting summary judgment for defendants as to all issues.

The basis for the Court's decision is contained in 15 U.S.C. § 1635(c), which provides that a written acknowledgment of receipt of any disclosure required by the Act, creates a rebuttable presumption of delivery thereof. Plaintiffs did not seek to support its allegation of no delivery by affidavits. Plaintiffs chose to rest on the allegation contained in their complaint.

■ Plaintiffs' failure to controvert by affidavit the presumption created by the Act in favor of defendants, entitled defendants to summary judgment as to this issue. *Cf. Powers v. Sims and Levin Realtors,* 396 F.Supp. 12, 22–23 (E.D.Va.1975) (Summary judgment was precluded where the borrowers submitted affidavits on this issue.)

Plaintiffs now request the Court to reconsider its judgment in this regard. In support of their motion, plaintiffs have now submitted affidavits in support of their allegation. The Court denies plaintiffs' motion.

■ Fed.R.Civ.P. 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Flett v. W. A. Alexander & Co.,* 302 F.2d 321, 324 (7th Cir.), cert. denied 371 U.S. 841, 83 S.Ct. 71, 9 L.Ed.2d 77 (1962);

*John F. Smith's Sons Co. v. Lattimer Foundry & Mach. Co.,* 239 F.2d 815, 817 (3rd Cir. 1956). Defendants made a prima facie showing in support of its motion for summary judgment that no genuine issue of material fact existed. In this situation plaintiffs could not remain silent. Plaintiffs were under the obligation, if they wished to oppose the motion, to be diligent in inquiring into the facts and replying with affidavits to rebut the presumption in favor of defendants. *Southern Rambler Sales, Inc. v. American Motors Corp.,* 375 F.2d 932, 937 (5th Cir.) cert. denied 389 U.S. 832, 88 S.Ct. 105, 19 L.Ed.2d 92 (1967). A general allegation in a pleading, standing by itself is not sufficient to withstand a motion for summary judgment supported by a prima facie showing that no genuine issue of material fact exists. *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). The information contained in the affidavits was readily available to plaintiffs' attorney. Plaintiffs show no reason for their failure to submit the appropriate affidavits. The denial of a motion for relief from judgment is appropriate where counsel fails to file counter affidavits in opposition to plaintiffs' motion. *Smith v. Stone,* 308 F.2d 15 (9th Cir. 1962). See also, *Universal Film Exchange v. Lust,* 479 F.2d 573 (4th Cir. 1973); *Prickett v. Duke Power Co.,* 49 F.R.D. 116 (D.S.C.), aff'd 429 F.2d 984 (4th Cir. 1970). Ignorance of carelessness of an attorney in failing to file an opposition to a motion for summary judgment is not grounds for relief from judgment under Rule 60(b). *Cline v. Hoogland,* 518 F.2d 776, 778 (8th Cir. 1975).

Accordingly, plaintiffs' motion for relief from judgment and/or reconsideration of judgment is denied.