Raymond WHITLOCK, George Tree and
Lily Tree, Appellants,

v.

MIDWEST ACCEPTANCE CORPORA-
TION and Oliver Auto Sales,
Inc., Appellees.

No. 77–1749.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 16, 1978.

Decided May 2, 1978.

Bertram Cooper, Legal Services of East-
ern Missouri, Inc., St. Charles, Mo., for ap-
pellants.

James L. Van Dillen, Clayton, Mo., for appellees.

Before HEANEY and HENLEY, Circuit Judges, and HANSON, Senior District Judge.*

HEANEY, Circuit Judge.

Raymond Whitlock, George Tree and Lily Tree appeal from an order of the District Court denying them relief under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.,* and Federal Reserve Regulation Z, 12 C.F.R. § 226.1 *et seq.* We reverse and remand.

The appellants purchased a car on December 22, 1975, from Oliver Auto Sales, Inc. As part of the sales transaction, Oliver arranged financing for the appellants with Midwest Acceptance Corporation. The car failed to perform to the appellants satisfaction. They brought this action against Oliver and Midwest alleging that they committed nine separate violations of the Truth in Lending Act and Regulation Z in connection with the financing transaction.

The parties subsequently filed cross-motions for summary judgment. The District Court found that both Midwest and Oliver were "creditors" and subject to the disclosure provisions of the Act and Regulation Z. *See* 15 U.S.C. § 1602(f); 12 C.F.R. § 226.-2(h), (s). It determined that no material facts were in dispute and granted the appellees' motion for summary judgment. It denied appellants' motion for summary judgment after finding that neither Midwest nor Oliver had violated the Act or Regulation Z.

Our initial inquiry is whether the District Court erred in granting summary judgment because an issue of material fact remained. *See* Fed.R.Civ.P. 56(c). The appellants alleged that they failed to receive a copy of

the financial disclosure statement before the transaction was completed in violation of 15 U.S.C. § 1638(b) and 12 C.F.R. § 226.8(a). They argue that because of their allegation, a material factual issue remained and summary judgment was inappropriate.

▮ The disclosure statement contains an acknowledgment signed by the appellants that they had received a fully completed copy of the disclosure statement. There is no dispute as to the authenticity of the document. This acknowledgment constitutes prima facie proof of delivery. *College Park Credit Corporation v. Aitkens,* 317 So.2d 238 (La.App.1975). *See also* 15 U.S.C. §§ 1635(c), 1641. Confronted with a prima facie case, the appellants could not rest on the allegation in their complaint but were required to offer some evidence in support of the allegation. *See First Nat. Bank v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). The appellants did not offer any support for their allegations by affidavit or deposition. Thus, the District Court did not err in granting the appellees' motion for summary judgment as to this issue.[1]

The appellants also alleged that Oliver and Midwest violated the Act and Regulation Z by:

(1) Failing to give the disclosures required by the Act and Regulation Z in a meaningful sequence in violation of 12 C.F.R. § 226.6(a);

(2) Providing additional information concerning the transaction which tended to confuse, distract and mislead the appellants in violation of 12 C.F.R. § 226.6(c);

(3) Failing to accurately describe the security interest retained by them in violation of 15 U.S.C. § 1638(a)(10) and 12 C.F.R. § 226.8(b)(5);

---

* The Honorable William C. Hanson, Senior District Judge, Southern District of Iowa, sitting by designation.

1. The appellants subsequently moved for relief of judgment pursuant to Fed.R.Civ.P. 60(b). In support of the motion, the appellants submitted affidavits tending to prove their allegation. The District Court denied the motion. 76 F.R.D. 190 (E.D.Mo.1977). The District Court did not abuse its discretion in doing so since the information contained in the affidavits was readily available and no reason was given for the failure to submit the affidavits earlier. *See Pioneer Ins. Co. v. Gelt,* 558 F.2d 1303, 1312–1313 (8th Cir. 1977).

(4) Failing to disclose the total amount of proceeds in violation of 15 U.S.C. § 1639(a)(1), (2), (3) and 12 C.F.R. § 226.-8(d)(1);

(5) Failing to clearly and conspicuously disclose the amount or method of computing the amount of default or delinquency charges in violation of 15 U.S.C. § 1638(a)(9) and 12 C.F.R. § 226.8(b)(4);

(6) Failing to include insurance charges in the finance charge as the appellants did not separately sign the insurance authorization form in violation of 15 U.S.C. § 1605(b) and 12 C.F.R. § 226.4(a)(5);

(7) Failing to disclose inconsistent state law requirements in the manner provided by 12 C.F.R. § 226.6(c)(2); and

(8) Failing to clearly identify Oliver as a creditor on the disclosure statement in violation of 12 C.F.R. §§ 226.6(d), 226.8(a).

With respect to the first seven issues, we have carefully considered the record and affirm on the basis of the District Court's opinion, *Whitlock v. Midwest Acceptance Corporation*, 449 F.Supp. 631 (E.D.Mo. 1977).[2] However, we conclude that the District Court erred in finding that Oliver was clearly identified as a creditor on the disclosure statement.

■ The District Court correctly found that Oliver was a "creditor" for purposes of the Act and Regulation Z because it was an "arranger of credit." *See* 15 U.S.C. § 1602(f); 12 C.F.R. § 226.2(h), (s). Oliver's name appeared on the disclosure statement, however, only as a recipient of disbursed funds. The District Court considered this disclosure sufficient. We disagree.

12 C.F.R. § 226.6(d) provides that "[i]f there is more than one creditor * * * in a transaction, each creditor * * * shall be clearly identified[.]" The identification must be made on the disclosure statement even if the creditor has actual knowledge of the seller's precise role in the financing transaction. *See Lauletta v. Valley Buick, Inc.*, 421 F.Supp. 1036, 1040 (W.D.Pa.1976); 12 C.F.R. § 226.8(a). The disclosure statement must clearly convey that the seller played an integral part in the financing transaction. By merely identifying the seller as a recipient of funds, the disclosure statement fails to do this. As a result, the purchaser must make a further investigation in order to determine whether the seller is liable as a "creditor" for failure to make the required disclosures under the Act.

Moreover, Oliver's role as a "creditor" and "credit arranger" may be relevant in denying Midwest status as a holder-in-due-course because it indicates a close connection between Midwest and Oliver. Under the "close connectedness" doctrine, many courts have denied holder-in-due-course status to finance companies where they were closely connected with the seller. *See, e. g., Jones v. Approved Bancredit Corp.*, 256 A.2d 739 (Del.1969); *Calvert Credit Corp. v. Williams*, 244 A.2d 494 (D.C.App.1968); *American Plan Corp. v. Woods*, 16 Ohio App.2d 1, 240 N.E.2d 886 (1968); *Unico v. Owen*, 50 N.J. 101, 232 A.2d 405 (1967). *See generally* Note, *Implied Consumer Remedy Under FTC Trade Regulation Rule—Coup de Grace Dealt Holder in Due Course?*, 125 U.Pa.L.Rev. 876, 881–882 (1977). If Midwest is denied holder-in-due-course status, it would be open to most consumer claims and defenses such as the malfunction of the automobile. *See* R. Anderson, Uniform Commercial Code §§ 3–305:4, 3–305:6 (2d ed. 1971). Thus, the purchaser has an additional need for this information and should not be required to conduct a further investigation in order to obtain it.

The seller may identify itself in similar circumstances as a "seller and credit arranger" rather than a "creditor." Such a description is consistent with the Act and Regulation Z. However, identification as a recipient of funds minimizes the role that the seller plays in the transaction.

As Midwest and Oliver failed to comply with all the requirements imposed by the Act and Regulation Z, the appellants are

2. We note that issue (6) was also raised and recently rejected by this Court in *Gantt v. Commonwealth Loan Company, Inc.*, 573 F.2d 520 (8th Cir. 1978).

entitled to twice the amount of the finance charge in connection with the transaction,[3] costs of the action and reasonable attorney's fees. 15 U.S.C. § 1640(a). Since attorney's fees are appropriate, we remand the case to the District Court to determine the amount that will reasonably compensate the appellants' attorney for his work in the original proceeding, on appeal and on remand. *See Ljepava v. M.L.S.C. Properties, Inc.,* 511 F.2d 935, 945 (9th Cir. 1975); *Thomas v. Myers-Dickson Furniture Company,* 479 F.2d 740, 748 (5th Cir. 1973).

Reversed and remanded for further proceedings consistent with this opinion.

3. Twice the amount of the finance charge is $243.98 which is greater than the statutory minimum of $100 but less than the statutory maximum of $1,000.