AWARD LUMBER AND CONSTRUCTION COMPANY, INC., Plaintiff and Counterdefendant-Appellee, *v.* WILL HUMPHRIES, JR., Defendant and Counterplaintiff-Appellant.
First District (5th Division)   No. 81—2213

Opinion filed September 10, 1982.—Rehearing denied November 22, 1982.

Aldus S. Mitchell and Stephen Stern, both of Mitchell & Black, P. C., of Chicago, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Defendant appeals from the dismissal of his counterclaim and the entry of judgment against him in a contract action.

It appears that the parties entered into two contracts for remodeling by plaintiff of defendant's building, but before the commencement of any work defendant cancelled the contracts. Thereafter, plaintiff brought this action on one of the contracts dated July 14, 1980, based upon a clause providing for liquidated damages upon cancellation by defendant. In a counterclaim, defendant sought to rescind the contract on allegations that plaintiff failed to notify him of his right to rescind the contract as required by the Federal Consumer Credit Protection Act (the Act) (15 U.S.C. sec. 1601 et seq. (1976)).

Plaintiff moved to dismiss the counterclaim, asserting that on July 14, 1980, defendant was provided with two copies of a notice of right of rescission and that defendant had signed a receipt therefor. Attached to the motion was (1) a copy of the notice with the signed acknowledgment of defendant that he had received two copies thereof; and (2) an affidavit of plaintiff's counsel that defendant "did receive two copies of the Notice of Right of Rescision [sic] and did sign the receipt attached thereto." Defendant then moved to strike the motion to dismiss, asserting essentially that there was no delivery of a notice of right of rescission. This appeal is from an order denying the motion to strike, granting the motion to dismiss the counterclaim, and award-

ing damages to plaintiff.

■ Although plaintiff has filed no brief, we will consider this appeal in the light of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493. In his brief here, defendant initially contends that the plaintiff's motion to dismiss his counterclaim was improperly granted. In this regard, he first argues—relying upon *Standard Oil Co. v. Lachenmyer* (1972), 6 Ill. App. 3d 356, 285 N.E.2d 497—that the trial court should not have considered the affidavit of plaintiff's attorney. Pertinent in that case was a holding that the trial court improperly considered an affidavit because it referred to a deposition, the transcript of which was not attached thereto as required by Rule 191(a) (43 Ill. 2d R. 191(a)). Here, the affidavit stated that defendant signed a receipt for two copies of a notice of right of rescission, and attached was a copy of the notice containing defendant's signed acknowledgment that he received two copies. In light thereof and because the affidavit was otherwise sufficient, we reject this argument of defendant.

In further support of his contention that the motion to dismiss was improperly granted, defendant refers to section 1635(c) of the Act (15 U.S.C. sec. 1635(c) (1976)), which provides:

"Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof."

Defendant does not deny that he signed an acknowledgment of receipt of requisite notices, but he asserts that such signing does not create an absolute defense. Therefore, he reasons, the allegation of nondelivery contained in his motion to strike plaintiff's motion to dismiss his counterclaim is sufficient to create a material issue of fact.

The few cases which address the effect of section 1635(c) in analogous situations do not support defendant's reasoning. In *Basham v. Finance America Corp.* (7th Cir. 1978), 583 F.2d 918, *cert. denied sub. nom. DeJaynes v. General Finance Corp.* (1979), 439 U.S. 1128, 59 L. Ed. 2d 89, 99 S. Ct. 1046, the court consolidated for appeal some 19 cases involving the Act. In one, plaintiffs filed a complaint alleging defendant failed to give them any documents or disclosure statements necessary to comply with the Act. Defendant filed a motion to dismiss and attached a copy of a loan agreement signed by one of the plaintiffs. Above that signature was an acknowledgment of receipt of the relevant documents. The court, citing section 1635(c), affirmed dismissal of plaintiffs' complaint, stating:

"This acknowledgment \*\*\* created a rebuttable presumption that the required disclosures were made. Mr. Sharp failed to rebut this presumption by filing an affidavit or otherwise pleading further. The dismissal of the TILA claim was therefore proper." 583 F.2d 918, 929.

Thus, it appears that an unsupported allegation is not sufficient to rebut the presumption raised by section 1635(c). This conclusion is explicit in *Whitlock v. Midwest Acceptance Corp.* (8th Cir. 1978), 575 F.2d 652, which considered the propriety of a motion for summary judgment. There, plaintiffs' complaint alleged that they failed to receive a copy of the financial disclosure statement as required by section 1638(b) of the Act (15 U.S.C. sec. 1638(b) (1976)). The defendant offered in evidence a disclosure statement, signed by plaintiffs, containing an acknowledgment of receipt of a fully completed copy of that statement. The trial court granted defendant's motion for summary judgment and plaintiffs, on appeal, contended that their allegation in the complaint created a material factual issue—making summary judgment inappropriate. The court found no error on this issue and, citing section 1635(c), stated:

"This acknowledgement constitutes prima facie proof of delivery. [Citations.] Confronted with a prima facie case, the appellants could not rest on the allegation in their complaint but were required to offer some evidence in support of the allegation. [Citation.] The appellants did not offer any support for their allegations by affidavit or deposition. Thus, the District Court did not err in granting the appellees' motion for summary judgment as to this issue." 575 F.2d 652, 653.

Another case, *Powers v. Sims & Levin Realtors* (E.D. Va. 1975), 396 F. Supp. 12, *aff'd in part, rev'd in part on other grounds* (1976), 542 F.2d 1216, found summary judgment inappropriate. Plaintiffs in that case denied receipt of a disclosure statement and two copies of the rescission notice. Defendant moved for summary judgment, offering signed acknowledgments of receipt from the plaintiffs. The court, in denying the motion, found that a material issue of fact remained, stating:

"[C]ongressional policy, as expressed by 15 U.S.C. §1635(c), precludes granting a creditor summary judgment on the basis of a receipt acknowledgment alone where the plaintiffs deny by affidavit that they received the disclosures required by the Act. Insofar as plaintiffs' affidavits rebut the defendant's protestations of delivery, the Court cannot conclude that there is no genuine issue as to the fact of delivery which would entitle the

defendant to summary judgment as a matter of law." 396 F. Supp. 12, 23.

■ It appears from the case law, then, that while an affidavit of non-delivery from defendant in this case would have sufficed to create a material issue of fact, the mere allegation thereof in his motion to strike is insufficient to rebut the presumption raised by the signed acknowledgment of receipt.

In view thereof, we find that the denial of defendant's motion to strike the motion to dismiss his counterclaim and the grant of the motion to dismiss by the trial court were proper, and they are affirmed.

For the reasons stated and because defendant has not otherwise questioned the propriety of the judgment in the amount of $692.50 against him, it also is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.