Clyde L. WILSON, Plaintiff,

v.

Darrell W. WALDEN, Defendant.

No. 83–4002–CV–C–5.

United States District Court,
W.D. Missouri, C.D.

April 23, 1984.

Dewey L. Crepeau, Columbia, Mo., for plaintiff.

Carolyn deRoos, Cyril M. Hendricks, Spencer & Hendricks, P.C., Jefferson City, Mo., for defendant.

ORDER

SCOTT O. WRIGHT, District Judge.

This is a civil rights action brought against Darrell Walden, a Missouri Conservation agent, for alleged violations of plaintiff's constitutional rights. Plaintiff alleges in Count I of his complaint that the

defendant violated his constitutional rights by taking him into custody against his will without immediately thereafter bringing him before a judge, charging him with a crime, allowing him to post bond, or allowing him to call his attorney. In Count II of his complaint, plaintiff alleges that his constitutional rights were violated when the defendant arrested him without a warrant.

### A.  *Statement of Facts*

From plaintiff's deposition and from the uncontested affidavit submitted by the defendant, the facts as viewed in the light most favorable to the plaintiff are as follows:

On April 5, 1981, John Schupp met with defendant Walden and another Conservation agent and informed them that Schupp had received calls from the plaintiff offering him deer which the plaintiff had shot. On March 15, 1981, plaintiff gave Schupp two deer which the plaintiff had shot because they were eating fruit trees on his farm. The deer were dressed and placed in a freezer in Schupp's house. Schupp brought the deer meat from his freezer and gave it to the Conservation agents.

The plaintiff testified in his deposition that the following relevant events occurred on April 6, 1981. While Wilson and his wife were working on their farm, Walden and another Conservation agent drove up. Walden got out of his truck and told Wilson that he wanted to talk to Wilson about some deer. Wilson refused to talk to him and Walden then placed him under arrest. Wilson got into Walden's truck and was given his *Miranda* warnings.

Before leaving the farm, Walden told Wilson that he was being taken to the Sheriff's office in Morgan County. During the drive to the Sheriff's office, there was no conversation between the two men regarding the arrest or the fact that Wilson had allegedly killed deer out of season. The ride lasted approximately thirty minutes.

After they arrived at the Sheriff's office, Wilson talked to the Sheriff (Sonny) about a pistol that Wilson had bought from the Sheriff. Wilson was not locked in jail, but remained in the Sheriff's office. Wilson was in the Sheriff's office between 30 minutes and an hour. During this time period Walden did not question Wilson or speak to him at all regarding his arrest. According to his deposition, Wilson had previously requested to speak with his attorney, but was not allowed to do so during this time period.

After having been in the Sheriff's office for 30 minutes to an hour, Walden told Wilson that he would take Wilson home. When they came out of the Sheriff's office, Wilson spoke to his attorney, telling him that Walden was going to take him home. Wilson never received a ticket or other charge while at the Sheriff's office. Walden drove Wilson home. During the ride home neither Wilson's arrest nor any matter relating to it were discussed.

### B.  *Conclusions of Law*

■ The entry of summary judgment is appropriate only when there are no material issues of fact in dispute. F.R.C.P. 56. Once a properly supported motion for summary judgment has been filed, the opposing party cannot rest upon general allegations contained in the complaint. *First National Bank v. City Service Co.*, 391 U.S. 253, 259, 88 S.Ct. 1575, 1577, 20 L.Ed.2d 569 (1968); *Roach v. Teamsters Local Union*, 595 F.2d 446, 451 (8th Cir.1979); *Whitlock v. Midwest Acceptance Corp.* 575 F.2d 652, 653 (8th Cir.1978). Specific evidence supporting the allegations contained in the initial pleadings must be submitted by the opposing party.

■ Plaintiff has brought this action pursuant to 42 U.S.C. § 1983, which provides a remedy for the violation of constitutionally protected rights. Jurisdiction is granted the Court by 28 U.S.C. § 1343. Section 1983 does not provide a remedy for every wrong committed under color of law. The plaintiff must show deprivation of a right secured by the Constitution or laws of the United States before the injury is actionable. The plaintiff must establish an entitlement, right, or liberty interest that is protected by state or federal law. *Meachum v. Fano*, 427 U.S. 215, 223–24, 96 S.Ct. 2532, 2537–38, 49 L.Ed.2d 451 (1976);

*Peck v. Hoff,* 660 F.2d 371, 373 (8th Cir. 1981).

■ As previously stated in Count I of his complaint the plaintiff alleges that his constitutional rights were violated by the defendant's actions in that he was

(a) never brought before a judge, court, or magistrate;

(b) never charged with a crime;

(c) never allowed to make bail, post a bond or be released on his own recognizance because no bail was set in his so-called case; and

(d) never allowed to call an attorney.

Assuming the facts given in the plaintiff's deposition as true and viewed in the light most favorable to him, there was no constitutional violation because of the above enumerated actions.

According to his deposition, plaintiff was in custody for no greater a length of time than two hours. Immediately after his arrest, he was given his *Miranda* warnings. The plaintiff requested an attorney. After he was taken into custody, the plaintiff admits that defendant Walden did not question him or talk to him about the charge for which he was arrested. After no longer than one and one-half hours defendant Walden informed the plaintiff that he would take him home. The plaintiff spoke to his attorney when he left the Sheriff's office with the defendant. The plaintiff was taken home and released from custody after a period not exceeding two hours.

The facts as elicited in plaintiff's deposition establish that plaintiff was not interrogated in violation of his *Miranda* rights, that he was given a reasonable opportunity to consult with his attorney, and that he was released from custody within two hours of his arrest. Plaintiff has failed to point to any law which would indicate that the defendant violated his constitutional rights.

In Count II of his complaint, plaintiff essentially alleges that his arrest was unconstitutional because the defendant did not have probable cause to believe that he had committed a felony. The uncontradicted affidavit of John Schupp demonstrates that the defendant had probable cause to believe that the plaintiff had violated Missouri Conservation laws. This fact is not disputed by the plaintiff. The plaintiff admits in response to the motion for summary judgment that Mo.Rev.Stat. § 252.080 (1978) allows Conservation agents to arrest individuals without a warrant where they have probable cause to believe that the Conservation laws have been violated. Violation of Missouri Conservation laws is a misdemeanor. Although not the general rule, there is no constitutional requirement mandating that officers procure a warrant before making an arrest for a misdemeanor violation. *Street v. Surdkya,* 492 F.2d 368, 371 (4th Cir.1974). J. Klotter & J. Kanovitz, Constitutional Law, § 3.10 (4th Ed. 1981). *See* American Law Institute, Model Code of Prearraignment Procedure, Commentary on Article 120, p. 289–290 (1975) (first draft did not include any distinction between nonwarrant arrests for misdemeanors and felonies).

■ Plaintiff apparently concedes that his arrest without a warrant did not violate the Constitution. Plaintiff, however, in response to the motion for summary judgment argues for the first time that his arrest violated R.S.Mo. § 252.080 because he was not taken before a magistrate "forthwith." First, this claim for unlawful detention was fairly asserted in his complaint. Second, the Missouri statute provides that those persons arrested without a warrant shall be taken before a magistrate who shall proceed without delay as in other criminal cases. The statute simply incorporates the other relevant provisions of Missouri criminal procedure, including Missouri's twenty-hour rule, R.S.Mo. 544.170. Section 544.170 provides that persons arrested without a warrant may not be held for longer than twenty hours. Plaintiff admits that he was held in custody for no longer than two hours. R.S.Mo. § 252.080 was not violated because the defendant was released well within the twenty-hour requirement. Third, even if the defendant's actions violated Missouri state law, they did not violate a clearly established constitutional right. *Rheaume v. Texas Dept. of Public Safety,* 666 F.2d 925, 929–30 (5th Cir.1982).

◼ In the alternative, the entry of summary judgment for the defendant is mandated by *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (objective qualified immunity doctrine established). Defendant in this case was a Missouri Conservation Agent. "[G]overnmental officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 816, 102 S.Ct. at 2738 (citations omitted). Measured by reference to clearly established law, the defendant's discretionary acts violated none of the plaintiff's clearly established constitutional rights. In accordance with the foregoing, it is hereby

ORDERED that defendant's motion for summary judgment is granted. Each party shall bear his own costs.