**Roosevelt HAYES, Appellant,**

v.

**A.L. LOCKHART, Director; Richard E. Griffin, Chairman of Board of Correction; Willis H. Sargent, Warden, Cummins Unit, Arkansas Department of Correction, Appellees.**

No. 84–1931.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 21, 1985.

Decided Feb. 8, 1985.

---

Steve Clark, Atty. Gen. by Randel Miller, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Roosevelt Hayes, appellant, pro se.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Roosevelt Hayes, an Arkansas state prison inmate, appeals from the district court's order granting the defendant's motion for summary judgment. Hayes brought this 42 U.S.C. § 1983 action alleging that he was denied due process when he was assigned to administrative segregation without a preassignment hearing. He also claims that he was unconstitutionally denied a class promotion and meritorious good time. Although the district court properly held that Hayes was not denied due process, we believe the district court erred in granting the defendant's motion for summary judgment on Hayes' claim concerning denial of class promotion and good time. Accordingly, we affirm in part and reverse in part.

## I. DUE PROCESS CLAIM.

In December, 1980, Hayes was transferred to the Florida Department of Correction through the Interstate Correction Compact and was placed in the general prison population. Before his transfer to Florida, Hayes had been housed in administrative segregation in Arkansas. Hayes requested to be returned to Arkansas, and this request was granted. Upon his return to Arkansas, Hayes was immediately returned to administrative segregation. Fifteen days later, the Classification Committee held a hearing and determined that Hayes should remain in administrative segregation.

Initially, we observe that Hayes had a protectible liberty interest in being assigned to the general prison population upon his return to Arkansas. Administrative Regulation § 836 of the Arkansas Department of Correction creates an expectation that Arkansas inmates will not be confined to administrative segregation until one of the conditions in the regulations

exists.[1] *Finney v. Mabry,* 528 F.Supp. 567, 570 (E.D.Ark.1981). Having determined that the state created a protectible liberty interest, we must next decide whether the process afforded Hayes satisfied the minimum requirements of due process.[2]

■ "Due process 'is flexible and calls for such procedural protections as the particular situation demands.'" *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 12, 99 S.Ct. 2100, 2106, 60 L.Ed.2d 668 (1979) (quoting *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972)). Under the circumstances of this case, we believe Hayes received adequate due process protection.

Initially, Hayes was assigned to administrative segregation because he was a threat to security and because he was a danger to the other inmates, and therefore it appears that the prison officials acted reasonably in placing him in administrative segregation immediately upon his return to Arkansas. Moreover, in *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), the Supreme Court held that an inmate has received due process in the context of an assignment to administrative segregation if he received "an informal, nonadversary review of the information supporting [the inmate's] administrative confinement, including whatever statement [the inmate] wishes to submit, within a reasonable time after confining him to administrative segregation." *Id.* at 472, 103 S.Ct. at 872. The Court held that, under the circumstances of that case, a hearing five days after the inmate had been confined to administrative segregation was reasonable and satisfied the requirements of due process. *Id.* at 477, 103 S.Ct. at 874.

## II. MERITORIOUS GOOD TIME CLAIM.

■ Hayes also contends that he was unconstitutionally denied the class promotion and good time he earned during his stay in Florida. Although the district court properly recognized that this claim was more in the nature of a petition for a writ of habeas corpus, *see, e.g., Preiser v. Rodriguez,* 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), the Court dismissed the claim as meritless. The district court reasoned that because Ark.Stat.Ann. § 46–120.1 (Supp.1983), states that "'Meri-

1. Administrative Regulation § 836 provides:

Segregation is a classification category for inmates in institutions. Inmates may be placed in a segregation classification by the Institutional Classification Committee by a majority vote of the Committee after a hearing at which the inmates must be given an opportunity to appear before and address said Committee and if the inmates:
1. Indicate a chronic inability to adjust in the general prison population.
2. Constitute a serious threat to the security of the institution.
3. Require maximum protection from themselves or if others require maximum protection from them.
Ark.Admin.Reg. § 836 (1981).
Although Hayes was housed in administrative segregation before his transfer to Florida, the transfer released him from administrative segregation. Hayes was transferred under the Interstate Corrections Compact, which states that an inmate "confined in an institution pursuant to the terms of this compact shall at all times be subject to the jurisdiction of the sending state * * *." Ark.Stat.Ann. § 46–1402, Art. IV, ¶ (c) (Repl.1977). Therefore, Hayes's release into the general prison population in Florida was equiv-

alent to a release into the general prison population in Arkansas, and accordingly the prison officials were required to follow the guidelines in Administrative Regulation § 836 before reassigning Hayes to administrative segregation.

2. The defendants argue that, because the Classification Committee determined that Hayes should remain in administrative segregation after the hearing, Hayes was not harmed by the "slight delay." However, this argument fails to consider that "[m]any substantive constitutional guarantees may be violated without accompanying consequential or 'actual' injury. If consequential injury were the touchstone for substantial compensatory awards, many blatant constitutional violations would remain unredressed." *Herrera v. Valentine,* 653 F.2d 1220, 1228 n. 7 (8th Cir.1981). *See also Villanueva v. George,* 659 F.2d 851, 855 (8th Cir.1981); *Tatum v. Houser,* 642 F.2d 253, 255 (8th Cir.1981) ("deprivations of certain constitutional rights, even without a showing of actual injury, may be vindicated, at a minimum, by making such actionable for nominal damages") Thus, the issue is whether Hayes received the process due him under the fourteenth amendment and not whether Hayes was harmed by the delay.

torious Good Time' shall be awarded * * * for good discipline, good behavior, work practices and job responsibilities within the institutions of the [Arkansas] Department of Corrections," the provision did not apply to good time Hayes earned in another state. We disagree.

Hayes was transferred to Florida pursuant to the Interstate Correction Compact, and Article IV, paragraph (h) of the Compact provides:

Any inmate confined pursuant to the terms of this compact *shall have any and all rights to* participate in *and derive any benefits* or incur or be relieved of any obligations or have such obligations modified or his status changed on account of any action or proceeding *in which he could have participated if confined in any appropriate institution of the sending state located within such state.*

Ark.Stat.Ann. § 46–1402 (Repl.1977) (emphasis added).

In light of this statute, Hayes is entitled to good time and other benefits he earned while in Florida as if he had earned them in Arkansas. Because this is a habeas corpus claim, and because the claim was not exhausted in state court, we vacate this portion of the district court's opinion to give Hayes an opportunity to claim this good time in state court.

Accordingly, we affirm the district court's grant of summary judgment concerning Hayes's due process claim, and reverse and vacate the grant of summary judgment concerning Hayes's meritorious good time claim.