**Robert H. BOUCHER, Admr. of the Estate of Keith R. Boucher, Robert H. Boucher, and Gail Boucher, Plaintiffs,**

v.

**TOWN OF SOUTHBRIDGE, et al., Defendants.**

**Civ. A. No. 85–4088–C.**

United States District Court, D. Massachusetts.

Feb. 10, 1988.

Harold I. Resnic, Springfield, Mass., for plaintiffs.

John H. Goewey, Proctor, Rasnick and Goewey, Worcester, Mass., for defendants.

## MEMORANDUM

CAFFREY, Senior District Judge.

This is an action for compensatory and punitive damages arising from the arrest of the plaintiffs' decedent, Keith Boucher, in the town of Southridge, Massachusetts. The complaint presents claims for both federal and state civil rights violations as well as a number of other pendent state claims. The plaintiffs have moved for partial summary judgment on the issue of the lawfulness of the decedent's arrest. The circumstances surrounding the arrest are apparently undisputed by the parties.

Around 12:15 a.m. on February 20, 1983, two women stopped a police cruiser driven by Southbridge police officer, Michael Stevens and John Litchfield, to report that a car in which Maureen Paquin was a passenger had just struck a parked car and left the scene of the accident. The officers were familiar with Ms. Paquin. The police officers inspected the parked car and found fresh damage. Requesting a back up, they drove to Ms. Paquin's home where they were met by Officer Brodeur, another Southbridge policeman.

At Ms. Paquin's home, the officers found a car parked at the rear of the building. The car was the one described to them by the women who had stopped them. It was freshly damages and the engine was still warm. After inspecting the car, the officers went upstairs to Ms. Paquin's third floor apartment and knocked on the door. The decedent, Keith Boucher, answered. The police informed him that they were investigating a hit and run accident. According to Officer Stevens' affidavit, Boucher was intoxicated and belligerent.

When Ms. Paquin came to the door, she allowed Officer Stevens to enter the apartment. Boucher remained on the porch with Officers Litchfield and Brodeur. While Officer Stevens was questioning Ms. Paquin a disturbance arose on the porch. Officer Stevens went back outside to find Officer Brodeur and the decedent scuffling on the floor. Boucher had apparently pushed Officer Brodeur in an attempt to prevent him from entering the apartment. The officers handcuffed the decedent and took him into protective custody, believing he was a danger to himself and others in his intoxicated state.[1] Officer Brodeur took him to the police station. After they left, Ms. Paquin admitted to Officer Stevens that, contrary to her original story, Boucher had been driving the car at the time of the accident, not she.

At the police station, Boucher was given a breathalyzer test. The results of this test showed that Boucher's alcohol level was clearly over the legal limit. Thereafter, Officer Stevens returned to the police station and informed Boucher that he was under arrest for driving under the influence of alcohol, leaving the scene of an accident, and operating a motor vehicle without a license. All three charges are misdemeanors under state law. Boucher was placed in a cell at the police station. Shortly thereafter, the police found him dead, hanging from the bars of his cell. This action followed.

Plaintiffs' only ground for this motion is that Boucher's arrest violated his constitutional rights because none of the misdemeanors with which he was charged were committed in the presence of the arresting officers. Although their rather sketchy

---

1. M.G.L. c. 111B, § 8 authorizes a police officer to take intoxicated persons into protective custo-dy. The plaintiffs do not challenge the lawfulness of this detention.

brief is unclear, presumably the plaintiffs' are asserting that the officers could not arrest Boucher for the offenses charged without an arrest warrant.[2] The plaintiffs argue that "[i]n regard to misdemeanors, *in the absence of statutory authority*, the police officer can arrest only if, (1) the misdemeanor is committed in his presence and, (2) it involves a breach of the peace and, (3) it [is] still continuing at the time of the arrest, or is only interrupted, so that the offense and the arrest form part of the same transaction." (Emphasis added).

■ While the plaintiffs have correctly cited the common law rule concerning warrantless arrests for misdemeanors, they have overlooked the fact that at the time of the decedent's arrest, there was indeed a Massachusetts statute authorizing warrantless arrests for driving a motor vehicle under the influence whether or not the offense was committed in the arresting officer's presence. M.G.L. c. 90, § 21 authorizes the warrantless arrest of any person who the arresting officer "has probable cause to believe *has operated* or is operating a motor vehicle [upon a public way] under the influence of intoxicating liquor...." (Emphasis added). The use of the past tense in the statutory language clearly implies that the offense need not have been committed in the officer's presence provided he has probable cause to believe the arrestee committed it. Statutory authority for the decedent's arrest did therefore exist. The arrest did not violate the law of the Commonwealth.

■ Nor does the arrest violate federal constitutional law. Although a warrant is required to arrest a suspect in his home on misdemeanor charges, the Supreme Court has never held that a warrant is always constitutionally required before an officer may arrest for a misdemeanor committed outside his or her presence. *See Welsh v. Wisconsin*, 466 U.S. 740, 756, 104 S.Ct. 2091, 2101, 80 L.Ed.2d 732 (1984) (White, J.

dissenting). Other courts which have considered the issue recognize that the Fourth Amendment does not prohibit such arrests if they are based on probable cause, even if a suspect is arrested in violation of state law. *See Street v. Surdyka*, 492 F.2d 368, 372 (4th Cir.1974); *Diamond v. Marland*, 395 F.Supp. 432, 439 (S.D.Ga.1975); *Wilson v. Walden*, 586 F.Supp. 1235, 1237 (W.D. Mo.1984).

The plaintiffs' decedent was arrested at the police station for driving while intoxicated[3] after he was taken into protective custody. The protective custody has not been challenged. Neither have the plaintiffs asserted that Officer Stevens lacked probable cause to arrest the decedent for driving under the influence. Under the circumstances presented on this motion, the arrest did not violate the decedent's constitutional rights. Partial summary judgment is therefore denied.

Order accordingly.

---

**2.** Plaintiffs certainly cannot be understood to assert that the police can *never* arrest for a misdemeanor unless it is committed in an arresting officer's presence.

**3.** That decedent was charged with two other misdemeanors for which the officer may not have had authority to make a warrantless arrest does not make the entire arrest illegal, whatever effect it might have had if the decedent had been brought to trial later on those charges.