William L. STRINGER–EL, Appellee,

v.

Crispus C. NIX; Paul Hedgepeth; John Henry; John Emmett; James Helling; Roger Lawson, Appellants.

No. 91–1967.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 19, 1991.

Decided Sept. 20, 1991.

Gordon E. Allen and William A. Hill, Des Moines, Iowa, for appellants.

David D. Butler, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

This case is before the court on the state's appeal from the district court's order granting the prisoner a preliminary injunction and ordering prison officials to release him from punitive segregation. William L. Stringer–El is an Iowa prisoner who was transferred to Kansas under the Interstate Corrections Compact. *See* Iowa Code § 247.2 (Supp.1991). Although he was serving punitive segregation in Iowa he was released into the general population in Kansas without serving the balance of his disciplinary time. The district court found that Stringer–El was returned to Iowa and placed in punitive segregation, apparently to serve out the balance of his original Iowa segregation. Stringer–El sought an injunction in the district court, claiming that the reinstatement of his punitive segregation violated his due process rights under *Hayes v. Lockhart,* 754 F.2d 281 (8th Cir.1985). The court granted the injunction and ordered Stringer–El released from punitive segregation.

The state argues that Stringer–El did not meet the requirements for an in-

junction as set out in *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir.1981). After studying the briefs and record in this case we affirm the order granting the injunction. The elements required for an injunction have been met and further analysis by this court would have no precedential value.[1] *See* 8th Cir.R. 47B.

■ The state also contends that the court erred in not considering additional facts brought forward by the state in its motion to reconsider. The state sought to establish in the motion that Stringer–El's segregation upon return from Kansas was simply a continuation of Kansas disciplinary time and was not reinstatement of previously-imposed Iowa disciplinary time. Although the new facts alleged by the state if accepted as true would require a different analysis, the district court was within its discretion in refusing to consider the late proffer of evidence. *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413–14 (8th Cir.) (abuse of discretion standard governs district court's decision not to accept new facts and argument after judgment), *cert. denied*, 488 U.S. 820, 109 S.Ct. 63, 102 L.Ed.2d 40 (1988); *Whitlock v. Midwest Acceptance Corp.*, 575 F.2d 652, 653 n. 1 (8th Cir.1978) (movant has duty to show that new argument or facts brought forward after judgment could not have been made prior to judgment). We agree that the state's explanation for not initially informing the court of the true facts is insufficient. No matter how the state perceived Stringer–El's complaint, it would have been relevant and supportive of the state's defense to inform the court that Stringer–El was currently serving Kansas segregation time.

The district court's order is affirmed.

ARNOLD, Circuit Judge, concurring in the judgment.

I agree with the Court that the judgment should be affirmed. I take this position,

however, only because it is compelled by precedent. In *Pletka v. Nix*, 943 F.2d 916 (8th Cir.1991), this Court held, over my dissent, that a plaintiff in substantially the same position as the plaintiff here was entitled to relief under the Due Process Clause of the Fourteenth Amendment. Although I continue to disagree with the holding of *Pletka,* I am bound by it. This panel cannot overrule the holding of another panel.

A couple of points should be added that are particular to the present case. First, the defendants claim, as the Court's opinion makes clear, that Stringer–El was returned to disciplinary confinement in Iowa because of unserved Kansas disciplinary time, not because of unserved Iowa disciplinary time. If this is true, a completely different situation, factually and legally, is presented. The District Court declined to consider the argument, holding that it came too late. The point could have been urged in response to Stringer–El's motion for preliminary injunction, but was not raised until motion for reconsideration, filed after the injunction had been granted. I agree with this Court that the District Court was within its discretion in declining to consider the new contention in this procedural context. I would point out, however, that we have before us on this appeal only a preliminary injunction entered by the District Court. Final judgment has not yet been entered. The case has not yet been tried on the merits. The state is perfectly free to raise its new contention at the trial on the merits, and this may mean that the issues, factual and legal, to be considered at the trial will be different from the issues raised by the entry of the preliminary injunction.

Second, Stringer–El may have received all the process that he is due, even accepting the Court's legal theory derived from *Pletka* and *Hayes v. Lockhart,* 754 F.2d 281 (8th Cir.1985). After Stringer–El had been returned to Iowa, a classification review took place. This review occurred be-

---

**1.** The likelihood that Stringer–El will succeed on the merits is not changed by our decision in *Pletka v. Nix,* 943 F.2d 916 (8th Cir.1991). The *Pletka* decision simply makes explicit that our

decision in *Hayes* did not contemplate any distinction between punitive and administrative segregation.

fore the decision to return the plaintiff to disciplinary confinement. At the classification review, Stringer–El was given a chance to express his concerns regarding his placement. App. 124. It is important at this point to recall that Stringer–El was given a hearing before his initial placement in disciplinary confinement, a placement that took place in Iowa before his transfer to Kansas. It is not contended that the state did not fully comply, at that time, with *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Presumably, the additional process that the Court believes was withheld from Stringer–El following his return to Iowa would be akin to that described in *Hewitt v. Helms,* 459 U.S. 460, 472, 103 S.Ct. 864, 871–72, 74 L.Ed.2d 675 (1983).

That case concerned the placement of an inmate in administrative segregation for non-punitive reasons. Stringer–El was apparently returned to special conditions of confinement on account of the disciplinary sanction he had previously received, a sanction that the Iowa authorities believed had not been fully satisfied. But he had, concededly, already received a proper pre-deprivation hearing with respect to his guilt or innocence of the initial disciplinary charge. Presumably, the hearing that the Court believes Stringer–El should have been given before being returned to disciplinary confinement after his being sent back to Iowa is something different. It would make no sense simply to repeat the *Wolff* hearing, a hearing that had already been held. See *Pletka v. Nix, supra,* at 919 n. 6. On this theory, prison authorities had a duty to tell Stringer–El why they were returning him to disciplinary confinement, and to give him a chance to explain, if he could, why this should not be permitted to occur. Under *Hewitt,* all that the Due Process Clause requires in such a situation is "an informal non-adversary review of the information supporting [the inmate's] administrative confinement, including whatever statement [the inmate] wishe[s] to submit...." 459 U.S. at 472, 103 S.Ct. at 871–72.

Thus, the plaintiff may well have received all the process that he is due, even under the Court's construction of the Fourteenth Amendment. The appellants, however, though they do mention the interview that the plaintiff was given, do not argue that this interview complied with the Due Process Clause, nor do they suggest that the preliminary injunction should be reversed on this ground. It would be inappropriate for this Court, on its own motion, to pursue this theory and reverse the District Court on this basis. It is completely open, however, to defendants, when the case is tried, to assert that the informal process given the plaintiff is a full compliance with the Due Process Clause.

With these comments, I concur in the result reached by the Court, and agree that the preliminary injunction should be affirmed.