966 F.2d 1458
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Sharon LUMPKIN, Appellant,
v.
Virginia WALLACE, Warden, Women's Unit; Jerry Gasaway,
Classification Committee Chairman, Women's Unit, Appellees.
 No. 92-1094.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 29, 1992.
Filed: June 8, 1992.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sharon Lumpkin, an Arkansas inmate, appeals from the entry of summary judgment for defendants by the District Court[1] for the Eastern District of Arkansas in this action brought under 42 U.S.C. § 1983. For reversal Lumpkin argues the district court erred in (1) failing to hold an evidentiary hearing to examine the credibility of the defendants, Virginia Wallace, warden of the Arkansas Department of Correction Women's Unit, and Jerry Gasaway, assistant warden and chairman of the Classification Committee; (2) viewing her claim as a challenge to a disciplinary proceeding when in reality she was challenging a subsequent seven-month placement in administrative segregation; (3) granting summary judgment while her motion for appointment of counsel was pending; and (4) failing to give her pro se complaint a liberal construction. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Lumpkin included in her § 1983 complaint claims relating to both a disciplinary proceeding and her later placement in administrative segregation. She conceded below and on appeal that she is challenging only her placement in administrative segregation. As to this claim, Lumpkin moved for the production of documents pertaining to "the administrative order of segregation, and each and all segregation hearings held." Defendants responded that a segregation hearing had not been held and, therefore, no documents could be produced.[2] However, defendants later provided, in support of their motion for summary judgment, documents relating to the classification hearing and committee decision that are at issue in this case. We reject Lumpkin's argument that the district court was required to hold an evidentiary hearing to examine defendants' credibility regarding this matter. Although defendants should have produced the documents upon Lumpkin's request, the documents were eventually presented to the district court and, thus, she was not prejudiced in any way.
 
 
 3
 We also reject Lumpkin's argument that the district court erroneously construed her complaint as relating only to the disciplinary proceeding. The magistrate judge determined, based upon defendants' uncontroverted evidence, that the classification committee followed proper hearing procedures as required by regulation before placing Lumpkin in administrative segregation. See Hayes v. Lockhart, 754 F.2d 281, 283 & n.1 (8th Cir. 1985) (per curiam). The district court adopted the report of the magistrate judge. Therefore, the district court did consider Lumpkin's claim regarding administrative segregation and properly granted summary judgment for defendants. We find no merit in Lumpkin's remaining arguments.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas, who adopted the report and recommendation of The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [2]
 This response is not contained in the district court record, but Lumpkin has provided us with a copy