BLUE, Judge.
Miguel and Ruth Cintron appeal a summary judgment in favor of Bankers Trust Company in this foreclosure action. Because there was a disputed issue of material fact regarding a violation of the federal Truth in Lending Act, we reverse.
Miguel and Ruth Cintron correctly argue that they were entitled to receive two copies each of the notice of their rescission rights. See Yslas v. D.K. Guenther Builders, Inc., 342 So.2d 859 (Fla. 2d DCA 1977) (holding that right to receive rescission notice applies separately to each person obligated under transaction). Bankers Trust contends the Cintrons signed a written acknowledgement that they received their copies at closing. In its order, the trial court found that these documents established the Cintrons received two copies.
The Truth in Lending Act provides that “written acknowledgement of receipt of any disclosures required under this subehapter ... does no more than create a rebuttable presumption of delivery thereof.” 15 U.S.C. § 1635(c). In their filed affidavits, the Cin-trons sufficiently rebutted this presumption. Because this created a disputed issue of material fact, the trial court erred in granting summary judgment. See, e.g., Stone v. Mehlberg, 728 F.Supp. 1341 (W.D.Mich.1989); Award Lumber & Constr. Co., Inc. v. Humphries, 110 Ill.App.3d 119, 65 Ill.Dec. 676, 441 N.E.2d 1190 (1982). Accordingly, we reverse *617 the summary judgment granted on the issue of rescission notices.
As to the Cintrons’ second issue, we find no error in that portion of the order granting summary judgment on the alleged violation regarding inadequate disclosure of the amount financed. Therefore, we affirm that portion of the order.
Reversed in part, affirmed in part and remanded.
CAMPBELL, A.C.J., and FULMER, J., concur.