**WESTINGHOUSE ELECTRIC CORP. v. UNITED ELECTRICAL RADIO AND MACHINE WORKERS OF AMERICA et al.**

**No. 10524.**

United States Court of Appeals Third Circuit.

Argued Jan. 8, 1952.

Decided Feb. 21, 1952.

David Scribner, New York City (Donner & Kinoy, New York City, Gross & Blumberg and Morton Stavis, Newark, N. J., Frank J. Donner, Arthur Kinoy, and Marshall Perlin, New York City, on the brief), for appellants.

Bertram Diamond, Washington, D. C. (Benjamin C. Sigal, Washington, D. C., Wilner & Wilner, Pittsburgh, Pa., on the brief), for International Union of Electrical Radio and Machine Workers et al.

John C. Bane, Jr., Pittsburgh, Pa. (Donald B. Heard, Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., on the brief), for Westinghouse Electric Corp.

Before GOODRICH and HASTIE, Circuit Judges, and BURNS, District Judge.

HASTIE, Circuit Judge.

In this case a defendant is asking us to review the normally discretionary action of a court of first instance in granting a plaintiff's motion to discontinue and dismiss his suit before trial.

The plaintiff, Westinghouse Electric Corporation, a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania and plants in other states, instituted this suit as an action of strict interpleader under Section 1335 of Title 28, United States Code. It deposited in the registry of the district court about $270,000 representing union dues collected pursuant to a labor relations contract from its employees in its plants in several states. It impleaded United Electrical Radio and Machine Workers of America and subordinate locals, hereinafter UE, and a rival international union, International Union of Electrical Radio and Machine Workers, (CIO), and subordinate locals, hereinafter IUE, as adverse claimants of the fund. After answers had been filed, Westinghouse moved to dismiss its suit without prejudice. With defendant IUE consenting and defendant UE objecting, the court granted the plaintiff's motion. The UE group has appealed.

■ The appellants urge that the disposition of plaintiff's motion is affected by Section 1404 of Title 28 of the United States Code which confers upon district courts broad discretion to transfer actions to a more convenient forum. But plaintiff did not invoke the power of the court under this section and we find that power quite distinct from the power invoked and employed. What plaintiff asked for and obtained was the voluntary discontinuance of its own suit, a procedure regulated and controlled by Rule 41(a) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.

■ Rule 41(a) (2) provides that after answer, unless all parties consent, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." An order of dismissal entered pursuant to this provision, like such an order entered under the equity practice which preceded the new Rules, should not be disturbed on appeal of the defendant except for arbitrary action which has subjected the defendant to plain prejudice beyond the prospect of subsequent litigation. Home Owners Loan Corporation v. Huffman, 8 Cir., 1943, 134 F. 2d 314; see Cone v. West Virginia Paper Co., 1947, 330 U.S. 212, 217–218, 67 S.Ct. 752, 91 L.Ed. 849. The dismissal here left the objecting defendants in position essentially no different from that they occupied before the suit was filed. The district court found no prejudice to their interests and we find none.

■ On the other hand, on granting the motion the district court pointed out in a considered and detailed opinion how the plaintiff who instituted this action as one of strict interpleader was confronted by answers of all the defendants claiming that more was owed them than the amount plaintiff had paid into the registry of the court and creating the prospect that plaintiff would become an active participant in a controversy over the amount of its obligation rather than a mere stakeholder, as its complaint had contemplated. Beyond this, the court pointed out that should the litigation thus be converted from strict interpleader to a suit in the nature of interpleader, doubtful questions of federal jurisdiction were likely to arise. 99 F.Supp. 967. It is not necessary to elaborate these

points here. Suffice to say they were not trivia and were matters properly weighed by the trial judge in deciding whether it was fair to permit the plaintiff to discontinue its attempt at interpleader. Both the decision reached and the manner of reaching it reveal an exercise of judicial discretion as proper as it was painstaking.

Appellants advance one other contention. Beyond the provision already quoted, Rule 41(a) (2) also stipulates that "If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." Appellants say they have pleaded a counterclaim. We conclude that they have not.

Appellants entitled their only pleading an "answer". But beyond the matter of name, that pleading in substance asserts that the withheld union dues belong to the UE group and that the aggregate thereof is greater than the amount plaintiff has proffered to the defendants by way of interpleader. Such a response to a would be stakeholder's attempted interpleader is not a counterclaim. In immediate effect, it merely indicates the unwillingness of the defendant to accept the proffered stake. If the plaintiff thus advised is unwilling to enlarge the stake, such an answer itself may necessitate dismissal of the action. John Hancock Mutual Life Insurance Co. v. Yarrow, D.C.E.D.Pa. 1951, 95 F.Supp. 185. Cf. Edner v. Massachusetts Mutual Life Insurance Co., 3 Cir., 1943, 138 F.2d 327. A pleading of such potential consequence is the antithesis of a counterclaim upon which some new relief can be granted. It is only where the plaintiff voluntarily meets the defendant's objection to the proffered stake by enlarging it, thus converting the strict interpleader into a suit in the nature of interpleader, that the litigation can result in recovery greater than the original interpleader has comprehended. Thus, rather than a counterclaim, the answer in this case is a permissible refusal to accept interpleader as proposed and an invitation to the plaintiff to broaden the scope of the action. The provision of Rule 41(a) (2) concerning cases involving counterclaims is inapposite.

For these reasons, the judgment will be affirmed.