**WAYZATA BANK & TRUST COMPANY, a Minnesota Banking Association, as Trustee and Minneapolis Grain Exchange, a Minnesota non-profit corporation, Appellants,**

v.

**A & B FARMS, Appleton Farmer's Co-op Elevator, et al., Appellees.**

No. 87–5184.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1988.

Decided Aug. 30, 1988.

As Amended Oct. 6, 1988.

Thomas L. Kimer, Minneapolis, Minn., for appellants.

James E. Lindell, Minneapolis, Minn., for appellees.

Before JOHN R. GIBSON and BEAM, Circuit Judges, and DUMBAULD,* Senior District Judge.

* The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designtion.

1. The Honorable Edward J. Devitt, United States District Judge for the District of Minnesota.

JOHN R. GIBSON, Circuit Judge.

Wayzata Bank and Trust Company appeals from the order of the district court[1] holding it liable for breach of a fiduciary duty and ordering it to pay damages in the amount of $200,000 plus interest. Wayzata argues that the district court erred in permitting its opponents to amend their answers and assert their counterclaims for breach of a fiduciary duty and in entering judgment against it as a matter of law. Wayzata also claims that the action should be dismissed for lack of subject matter jurisdiction. We affirm.

Because Victoria Company could not meet the Minnesota Grain Exchange's requirements of demonstrating a net worth of $150,000 and working capital of $100,000, the Exchange required it to obtain a $750,000 letter of credit in order to have trading privileges.[2] Midland National Bank issued this irrevocable letter of credit to Victoria and the Exchange arranged to have it held by Wayzata Bank under a trust agreement. Wayzata signed the agreement as trustee and agreed to draw upon the letter of credit "for the purpose of paying creditors of Victoria" in the event Victoria failed to pay. On January 3, 1983, Victoria's president and counsel met with the Finance Committee of the Exchange's Board of Directors and asked that the board amend the trust agreement and reduce the amount of the letter of credit from $750,000 to $550,000 so that Victoria could use some of the collateral securing the letter to obtain additional money from Midland. The Finance Committee authorized the amendment, informed Midland National Bank of it, and the bank in turn informed Wayzata. Wayzata accepted the exchange of the $750,000 letter of credit for one in the amount of $550,000.

On January 13, 1983, creditors of Victoria notified the Exchange that Victoria had failed to pay amounts due, and that the

2. It was also required to obtain personal guarantees from its principal officers and parent company, Victoria Grain Company, but these were not an issue in this case.

aggregate amounts due exceeded the face amount of the letter of credit. On the same day, Victoria and Victoria Grain Company filed for reorganization under Chapter 11 of the Bankruptcy Code. Midland deposited the proceeds of the $550,000 letter of credit with Wayzata Bank. After numerous creditors sought to draw upon the letter of credit, the Exchange and Wayzata brought this interpleader action under 28 U.S.C. § 1335 (1982).

The district court appointed a Special Master to make findings of fact and conclusions of law and propose to the court a plan for distribution of the letter of credit proceeds. The Special Master filed a series of reports determining which claims were legitimate and the amount of each. On December 22, 1986, the district court adopted most of the findings and conclusions of the Special Master. The court also denied certain claims against Victoria Grain Company; directed Wayzata to reimburse the trust account for $35,000 for unauthorized withdrawals; granted Wayzata's motion for attorney fees; and directed distribution of the remaining proceeds among the approved claims of the Victoria creditors.

On January 5, 1987, one of the claimants, Chafee–Lynchburg Farmer's Elevator, filed a motion alleging that the bank breached its fiduciary obligations to the trust beneficiaries, and requesting the court to vacate its order and substitute an order requiring Wayzata to reimburse the trust fund in the amount of $200,000. The district court amended its earlier order, granted the claimant's motion to amend its answer and assert the counterclaim, and ordered supplemental briefs on the issue.

After the filing of various amended answers and counterclaims, the district court held that Wayzata breached its fiduciary duty to the beneficiaries of the trust fund by permitting diminution of the fund by $200,000. The court ordered Wayzata to reimburse the trust account in this amount with interest. Wayzata appeals, challenging on several theories this holding.

## I.

■ Wayzata first argues that at the time it filed its interpleader, and at the time of the district court orders, it had not deposited the funds at issue or a bond into the registry of the court and therefore the entire action must be dismissed for lack of subject matter jurisdiction. *See Kitzer v. Phalen Park State Bank*, 379 F.2d 650 (8th Cir.1967).

After the filing of this appeal, this court made a limited remand to the district court. The district court ordered that the fund, $550,000, be paid into the court registry. The district court thus perfected subject matter jurisdiction of the interpleader action under 28 U.S.C. § 1335. We therefore reject Wayzata's claim that the court was without jurisdiction.

■ Wayzata next argues that even if the district court had jurisdiction, it was limited to $550,000, the amount originally held out as the stake in its interpleader action. *See Westinghouse Electrical Corp. v. United Electrical Radio and Machine Workers*, 194 F.2d 770 (3d Cir.), *cert. denied*, 343 U.S. 966, 72 S.Ct. 1060, 96 L.Ed. 1362 (1952). Wayzata claims that absent stakeholder consent, the district court's jurisdiction is limited to the fund deposited by the stakeholder. *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir.1976). We reject this argument. The claimants did not seek entitlement in excess of the interpleaded funds as creditors of Victoria; rather, they alleged a separate cause of action for damages for breach of a fiduciary duty. *Cf. Westinghouse Electrical Corp.*, 194 F.2d at 772. Their counterclaim was a compulsory counterclaim, in which the court could exercise its ancillary jurisdiction, obviating any possible subject matter jurisdiction problems. *Davis v. Prudential Ins. Co.*, 331 F.2d 346, 348 n. 2 (5th Cir.1964); *see also Dakota Livestock Co. v. Keim*, 552 F.2d 1302, 1306–07 (8th Cir.1977). The district court thus had jurisdiction over the counterclaim, and damages were not limited to the amount Wayzata deposited in its interpleader action. *See Keim*, 552 F.2d at 1307; *Libby, McNeill, and Libby v. City Nat. Bank*, 592 F.2d 504, 507–08 (9th Cir.1978).

## II.

Wayzata next argues that the counterclaim was not timely asserted, and the district court erred in allowing the appellees to amend their answers and assert the claim.

Fed.R.Civ.P. 13(f) provides that a party may obtain leave of court to amend his pleadings and assert a counterclaim that was omitted "through oversight, inadvertence, or excusable neglect, or when justice requires." Leave to amend to plead an omitted counterclaim should be freely granted, especially when the omitted counterclaim is a compulsory counterclaim, as is the case here. See 6 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1430 at 158 (1971). Despite Wayzata's general complaint that it was greatly prejudiced by the claimants' delay in asserting the counterclaim because of its inability to develop a factual record, Wayzata points to no specific facts which it was precluded from developing. The district court provided Wayzata with sufficient time to conduct discovery and respond. Accordingly, we cannot conclude that the district court abused its discretion by granting the appellees leave to amend their answer. See *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *New York Petroleum Corp. v. Ashland Oil, Inc.*, 757 F.2d 288, 291–92 (Temp.Emer.Ct.App.1985).

## III.

Next, Wayzata contends that the district court erred in denying its motions for amendment of findings, amendment of judgment and relief from judgment under Fed.R.Civ.P. 52, 59, and 60.

Because the district court order, in effect, constituted the entry of summary judgment against Wayzata, we review the order under the summary judgment standards. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Mandel v. United States*, 719 F.2d 963, 965 (8th Cir.1983). We must view the facts in the light most favorable to Wayzata, giving it the benefit of all reasonable inferences to be drawn therefrom. *Mandel*, 719 F.2d at 965.

Wayzata argues that although the trust agreement does not expressly reserve the power to modify or revoke the trust, a genuine issue of material fact exists as to whether Victoria had these powers, barring entry of judgment in favor of the claimants. Fed.R.Civ.P. 56(c). Specifically, Wayzata maintains that there is a factual question whether the parties intended to include the power of revocation or modification, but mistakenly omitted these powers from the trust agreement.

Mistake may be grounds for reforming or revoking a trust instrument. See *Restatement (Second) of Trusts* § 332 (1959). However, Wayzata has offered no facts to support its claim that the parties intended to include a revocability clause but mistakenly failed to do so, and review of the record reveals no basis for such a conclusion. The trust instrument itself contains no language suggesting that Victoria retained a power to revoke or modify the agreement. The Exchange imposed the trust on Victoria as a condition of its continued right to trade on the Exchange to protect Victoria's creditors. Allowing Victoria the power to revoke the trust would make such protection meaningless. We affirm the district court's conclusion that Wayzata failed to establish the existence of a genuine factual issue as to whether the trust agreement provided Victoria with power to modify or revoke the trust.[3]

---

3. Wayzata further argues that genuine issues of material facts exist as to whether the agreement created an agency relationship, rather than an express trust, and whether if a trust was created, Victoria, rather than its creditors, was the trust beneficiary. Wayzata failed to raise these arguments to the district court, and we therefore need not consider them on appeal. *Stafford v. Ford Motor Co.*, 790 F.2d 702, 706 (8th Cir.1986). Were we to do so, we would have no difficulty in concluding that the arguments are directly contrary to language of the trust agreement, and are patently frivolous.

## IV.

Finally, Wayzata maintains that the court erred in failing to offset the $200,000 judgment by $83,695.37, the amount available in Victoria's bankruptcy estate to satisfy general unsecured creditors. Wayzata argues that when it reduced the letter of credit, some of the released money went into Victoria's bankruptcy estate, and that the claimants, as unsecured creditors, are entitled to a pro rata share of the funds. They maintain that because the district court failed to offset the judgment, the claimants will receive double recovery, contrary to the teaching in *First Nat'l Bank v. Master Auto Sys. Corp.*, 693 F.2d 308 (4th Cir.1982).

Wayzata failed to raise this issue until its motion to alter or amend judgment, after the district court entered judgment for the claimants. A district court has broad discretion in determining whether to grant a motion to alter and amend judgment, and this court will not reverse absent a clear abuse of discretion. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 411 (8th Cir. 1988).

There was no such abuse in this case. Wayzata does not contend that it was unable to raise the issue of offsetting the claimants' damages before the district court entered judgment. *See Whitlock v. Midwest Acceptance Corp.*, 575 F.2d 652, 653 n. 1 (8th Cir.1978). Apart from its bare allegation, Wayzata has not offered any affidavits or other evidence to support its claim. Accordingly, the district court did not abuse its discretion in denying Wayzata's motion to alter or amend judgment. We affirm the order of the district court.