820 F.Supp. 1192 (1993)
UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 751, As Representative of the Aggrieved Employees, Plaintiff,
v.
BROWN GROUP, INC., d/b/a Brown Shoe Company, Defendant.
No. 4:92CV01134 ELF.
United States District Court, E.D. Missouri, E.D.
April 12, 1993.
*1193 Jerome A. Diekemper, Diekemper, Hammond, Shinners, Turcotte and Larrew, P.C., St. Louis, MO, Renee L. Bowser, Asst. Gen. Counsel, United Food & Commercial Workers Intern. Union, Washington, DC, for plaintiff Union.
James N. Foster, Jr., Daniel R. Begian, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
FILIPPINE, Chief Judge.
This matter is before the Court on defendant's motion to dismiss.
Plaintiff's complaint is brought pursuant to the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. §§ 2101-2109, on behalf of 277 employees of defendant's Dixon, Missouri, plant.[1] Plaintiff is the certified exclusive bargaining representative of the employees on whose behalf the suit is brought. For its relief, plaintiff requests that each aggrieved employee receive back pay and various fringe benefits and that plaintiff recover its costs and attorneys' fees.
In its motion, defendant contends plaintiff does not have standing to seek the monetary damages provided for by the WARN Act. Plaintiff asserts in its response that its standing is expressly provided for by Congress in § 2104(a)(5) of the Act.
Section 2104(a)(5) provides in part that "[a] person seeking to enforce such liability, including a representative of employees ... may sue either for such person or for other persons similarly situated, or both,...." Despite plaintiff's assertion to the contrary, this section does not eliminate the necessity that plaintiff satisfy the requirements of constitutional standing. In order to satisfy constitutional standing under Article III, a plaintiff must show personal actual or threatened injury. Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 99, 99 S.Ct. 1601, 1607-1608, 60 L.Ed.2d 66 (1979). The actual or threatened injury may exist solely by virtue of statutes which create legal rights. Warth v. Seldin, 422 U.S. 490, 500, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). However, while Congress may expand standing to the full extent permitted by Article III, it may not abrogate Article III's minimum requirements. Gladstone Realtors, 441 U.S. at 100, 99 S.Ct. at 1608; Warth, 422 U.S. at 501, 95 S.Ct. at 2206 ("so long as [Article III's] requirement is satisfied, persons to whom Congress has granted a right of action, either expressly or by clear implication, may have standing to seek relief on the basis of the legal rights and interests of others....").
Plaintiff has not alleged any injury to itself. However, even in the absence of injury to itself, an association such as plaintiff may have standing as the representative of its members if 1) its members would otherwise have standing to sue in their own right; 2) the interests it seeks to protect are germane to the organization's purpose; and 3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977). Defendant maintains that plaintiff cannot satisfy the second and third requirements of this test. Because it did not believe the test to be applicable, plaintiff did not address whether or not its requirements are satisfied.
The third element of the Hunt test generally does not present the same obstacle to associational standing when the relief requested is declaratory or injunctive as opposed to monetary. However, when an organization seeks to recover monetary relief on behalf of its members, courts have found that *1194 such claims necessarily require participation of individual members in the suit. See, e.g., United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of Am., 919 F.2d 1398, 1400 (9th Cir.1990); Telecommunications Research & Action Ctr. v. Allnet Communication Serv., Inc., 806 F.2d 1093 (D.C.Cir.1986) (associational standing denied where damages could be calculated by applying a simple formula). Here, plaintiff does not seek declaratory or injunctive relief, and requests damages only for its members. Because plaintiff seeks only to recover monetary damages on behalf of its members, the Court finds plaintiff cannot satisfy the third element of the Hunt test.
Accordingly, after careful consideration,
IT IS HEREBY ORDERED that defendant's motion to dismiss is GRANTED.
NOTES
[1] The WARN Act requires under certain circumstances that an employer shall not order a plant closing or mass layoff until the end of a sixty day period after the employer serves written notice of the order. § 2102. The notice is to be given to each affected employee or the employee's representative, to the state dislocated worker unit, and to the unit of local government where the layoff is to occur. Id. An employer who orders a plant closing or mass layoff in violation of the Act is liable to each aggrieved employee for back pay and benefits. § 2104.