879 F.Supp. 1015 (1993)
AMALGAMATED CLOTHING AND TEXTILE WORKERS UNION, SOUTHWEST REGIONAL JOINT BOARD, Plaintiff,
v.
BROWN GROUP, INC. d/b/a Brown Shoe Company, Defendant.
No. 4:92CV01678.
United States District Court, E.D. Missouri, Eastern Division.
September 27, 1993.
*1016 Sharon G. Ballin, William W. Franz, III, Franz & Franz, St. Louis, MO, for plaintiff.
Daniel R. Begian, James N. Foster, Jr., McMahon and Berger, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
JACKSON, District Judge.
This matter is before the Court on defendant's alternative motion to dismiss, motion for judgment on the pleadings, and/or motion for summary judgment. Plaintiff opposes the motions.
Plaintiff brings this action pursuant to the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §§ 2101-2104. Plaintiff, the certified exclusive bargaining representative of the employees on whose behalf the suit is brought, alleges defendant failed to provide sufficient notice of plant closings as required by the WARN Act. Plaintiff seeks an award of backpay and fringe benefits for each aggrieved employee, as well as its costs and attorney's fees.
Defendant contends that plaintiff does not have standing to sue for monetary benefits on behalf of its members. Congress has expressly granted "a representative of employees" a right to enforce the liabilities under the WARN Act on behalf of aggrieved employees. 29 U.S.C. § 2104(a)(5). While Congress may allow standing to the full extent permitted by Article III of the United States Constitution, it may not abrogate the Article's minimum requirement. Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975).
The constitutional requirement of standing is met when there is (1) invasion of a concrete, particular, legally protected interest, (2) a causal connection between the injury and the conduct complained of, and (3) the ability of the courts to redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). In the instant case plaintiff has not claimed any injury to itself; rather it is seeking to redress injuries allegedly sustained by its members. An association may have standing to represent its members if
(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.
Hunt v. Washington State Apple Advertising Com., 432 U.S. 333, 344, 97 S.Ct. 2434, 2436, 53 L.Ed.2d 383 (1977).
When, as in the present case, an organization seeks to recover monetary relief on behalf of its members, courts have found that these claims require the participation of individual members in the suit, thus running afoul of the third prong of the Hunt test. United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corporation of America, 919 F.2d 1398, 1400 (9th Cir.1990); Telecommunications Research & Action Center v. Allnet Communication Services, *1017 Inc., 806 F.2d 1093, 1096 (D.C.Cir. 1986). Further, in this district, it has been held that a labor union seeking to recover monetary damages on behalf of its members cannot satisfy the third element of Hunt and, therefore, the union cannot maintain an action under the WARN Act. United Food and Commercial Workers Union Local 751 v. Brown Group, Inc., 820 F.Supp. 1192 (E.D.Mo.1993, Filippine, J.).
Accordingly, for the foregoing reasons,
IT IS HEREBY ORDERED that the motion of defendant to dismiss is granted.
IT IS FURTHER ORDERED that the defendant's alternative motions for summary judgment and judgment on the pleadings are denied as moot.