50 F.3d 1426
 63 USLW 2636, 129 Lab.Cas. P 11,303,
10 IER Cases 705
 UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION,
LOCAL 751, as representative of the aggrieved
employees, Appellant,
v.
BROWN GROUP, INC., doing business as Brown Shoe Co., Appellee.
International Union, United Automobile, Aerospace &
Agricultural Implement Workers of America; Oil, Chemical
and Atomic Workers International Union; United Mine Workers
of America, International Union; The Guild/Sugar Law Center
for Economic and Social Justice, Amicus Curiae.
 No. 94-1929.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 14, 1994.
Decided April 3, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied May 25, 1995.
 
 Renee L. Bowser, Asst. Atty. Gen., argued, for appellant United Food and Commercial Workers Intern. Union.
 Kary L. Moss, Detroit, MI, argued, for amicus curiae Guild/Sugar Law Center for Economic and Social Justice.
 Michelle M. Cain, St. Louis, MO, argued (James N. Foster, Jr., on the brief), for appellee.
 Before BOWMAN and LOKEN, Circuit Judges, and BOGUE,* Senior District Judge.
 BOWMAN, Circuit Judge.
 
 
 1
 The United Food and Commercial Workers Union, Local 751 (UFCW or union) appeals from the judgment of the District Court[1] granting the motion to dismiss filed by Brown Group, Inc., d/b/a Brown Shoe Company. We affirm.
 
 I.
 
 2
 Brown Shoe mailed a letter dated January 17, 1992, to an employee of the United Food and Commercial Workers International, but not to Local 751, advising the union that Brown Shoe's plant in Dixon, Missouri, would be closed, with displacement of the 277 workers in the plant beginning on March 20, 1992. The UFCW alleges that Brown Shoe began to terminate workers immediately after sending the letter.
 
 
 3
 On June 16, 1992, the union filed suit in the District Court pursuant to the Worker Adjustment and Retraining Notification Act (WARN Act), 29 U.S.C. Secs. 2101-2109 (1988), seeking money damages. Under ordinary circumstances, the WARN Act requires that an employer give sixty days notice of plant closure or mass layoff to the employee representatives (or to each employee, if there is no representative) and to certain government entities. 29 U.S.C. Sec. 2102(a). The UFCW claims that the plant closure notice to the International union was inadequate under the WARN Act and that, even if the notice was proper, the employees represented by the UFCW were discharged before sixty days had elapsed, in violation of 29 U.S.C. Sec. 2102.
 
 
 4
 On July 29, 1992, Brown Shoe filed a motion to dismiss in accordance with Federal Rule of Civil Procedure 12, challenging the union's standing to bring the suit. The District Court granted the motion on April 12, 1993. Ten days later, on April 22, the UFCW filed a motion to alter or amend the judgment, Fed.R.Civ.P. 59(e), asking the court either to allow the union's suit to proceed or to allow the UFCW thirty days to amend its complaint so it could request declaratory relief and add individual plaintiffs. That motion was denied on March 7, 1994. The UFCW appeals and we affirm.[2]
 
 II.
 
 5
 The District Court determined that the UFCW alleged no injury to itself, which must be shown by a plaintiff in order to demonstrate direct or individual standing, and had not met the constitutional test to assert indirect or associational standing on behalf of its members. See Pennell v. City of San Jose, 485 U.S. 1, 7, 108 S.Ct. 849, 855, 99 L.Ed.2d 1 (1988) (noting these two types of standing). We review these conclusions of law de novo. Howe v. Ellenbecker, 8 F.3d 1258, 1261 (8th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1373, 128 L.Ed.2d 49 (1994). Because Brown Shoe challenged the UFCW's standing based only on the complaint, we " 'accept as true all material allegations of the complaint, and ... construe the complaint in favor of the complaining party.' " Pennell, 485 U.S. at 7, 108 S.Ct. at 855 (quoting Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975)).
 
 
 6
 The union argues that its standing derives from the WARN Act, which provides:
 
 
 7
 A person seeking to enforce such liability, including a representative of employees or a unit of local government aggrieved under paragraph (1) or (3), may sue either for such person or for other persons similarly situated, or both, in any district court of the United States for any district in which the violation is alleged to have occurred, or in which the employer transacts business.
 
 
 8
 29 U.S.C. Sec. 2104(a)(5). A "representative" under the statute is "an exclusive representative of employees" as defined in certain of the federal labor laws. Id. Sec. 2101(a)(4). It is undisputed that the UFCW is such a representative and thus is entitled to bring suit under the WARN Act, but it does not necessarily follow that the union has standing. "Standing does not refer simply to a party's capacity to appear in court," but rather to " 'whether the particular plaintiff is entitled to an adjudication of the particular claims asserted.' " International Primate Protection League v. Administrators of Tulane Educ. Fund., 500 U.S. 72, 77, 111 S.Ct. 1700, 1704, 114 L.Ed.2d 134 (1991) (quoting Allen v. Wright, 468 U.S. 737, 752, 104 S.Ct. 3315, 3325, 82 L.Ed.2d 556 (1984)) (emphasis added by the Supreme Court).
 
 
 9
 The burden is on the person seeking to invoke the jurisdiction of the federal court to demonstrate that he has standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). A federal statute may give a putative plaintiff the right to bring suit, thus relieving him of the judicially-created, prudential standing requirements,[3] Warth, 422 U.S. at 501, 95 S.Ct. at 2206, but the party seeking to have his claim heard nevertheless must comply with the Article III constitutional case or controversy requirements. Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 100, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979). "In no event ... may Congress abrogate the Art. III minima...." Id. The constitutional inquiry is the same whether it is an individual or an organization seeking to assert standing. Havens Realty Corp. v. Coleman, 455 U.S. 363, 378, 102 S.Ct. 1114, 1124, 71 L.Ed.2d 214 (1982).
 
 A.
 
 10
 While the UFCW contends in its brief on appeal that it has individual standing to bring this suit, Brown Shoe asks us not to consider this issue, arguing that the union did not plead or raise the question of its direct standing to sue until the complaint was dismissed, and thus is now precluded from doing so. Brown Shoe's argument is of no avail. In concluding that the union "ha[d] not alleged any injury to itself," the District Court did rule on the UFCW's direct standing, however summarily. UFCW Local 751 v. Brown Group, Inc., 820 F.Supp. 1192, 1193 (E.D.Mo.1993). Thus we may properly consider the issue on appeal.
 
 
 11
 "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen, 468 U.S. at 751, 104 S.Ct. at 3324. We have some doubt that the UFCW's complaint alleges "personal injury" that comports with the constitutional requirement.[4] The gravamen of the union's claim clearly is injury to its members that resulted from the alleged failure of notice. See Complaint at p 1 ("This is an action for monetary damages against Brown Group, Inc. ... for its failure to provide wages and benefits...."); id. at p 5 ("Plaintiff is the certified exclusive bargaining representative of the aggrieved Brown Shoe employees on whose behalf the relief prayed for herein is sought...."); id. at p 6 ("This action is filed by Plaintiff on behalf of 277 employees of Defendant's Dixon plant who were represented by Plaintiff...."); id. at p 9 (alleging that most of the union employees are "aggrieved" within the meaning of the WARN Act and noting attached list identifying "aggrieved employees").
 
 
 12
 In its brief, however, the UFCW claims that "the Union was injured in its right to notice prescribed by statute," Brief for Appellant at 2, and the UFCW does allege in its complaint that the notice given by Brown Shoe did not comply with the notice requirement of the WARN Act because the individual to whom the notice was sent "is not the exclusive representative of the affected employees," Complaint at p 7. Thus, construing the complaint in the manner most favorable to the union, as we must, we will assume that its allegation of failure of statutory notice alleges an injury to the union itself. See Warth, 422 U.S. at 500, 95 S.Ct. at 2206 ("The actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing....' ") (quoting Linda R.S. v. Richard D., 410 U.S. 614, 617 n. 3, 93 S.Ct. 1146, 1149 n. 3, 35 L.Ed.2d 536 (1973)). Arguably, the union has alleged "an invasion of a legally protected interest" that is concrete and actual. Northeastern Fla. Chapter of the Associated General Contractors of Am. v. City of Jacksonville, Fla., --- U.S. ----, ----, 113 S.Ct. 2297, 2302, 124 L.Ed.2d 586 (1993).
 
 
 13
 The second constitutional element of direct standing, that the injury be fairly traceable to the alleged conduct of the defendant, is not an issue in this case. As for the third factor, however, we conclude that the relief the UFCW requests will not redress the union's asserted injury.
 
 
 14
 The UFCW asks for backpay and fringe benefits for the aggrieved employees, its own attorney fees and costs in bringing the suit (the discretionary award of which is provided by statute, 29 U.S.C. Sec. 2104(a)(6)), and "such other and further relief on its behalf and that of the aggrieved employees as may be proper." Complaint at p 10. It is the catch-all prayer for relief that the UFCW claims will redress the alleged failure of notice to the union. We disagree. We do not think that the boilerplate remedies language quoted above, broad and non-specific as it is, comports with the constitutional requirement of redressability envisioned by the Supreme Court in Allen and its other cases on the subject. While the sweeping prayer for relief may be sufficient for a court to broaden the remedy post-judgment, it does not satisfy the constitutional requirement that the party alleging injury also must request a remedy that will redress the injury. The UFCW, even if it has properly pleaded injury to itself as a result of the alleged failure of statutory notice, has not sought a specific remedy for its injury. An award of monetary damages to any aggrieved employees would do nothing to remedy the alleged failure of notice to the UFCW.
 
 
 15
 Contrary to the UFCW's argument, the WARN Act's provision that designates the union as a proper plaintiff to assert violations of the Act in federal court does not relieve the union of its obligation to meet the constitutional requirements of standing.[5] Because the UFCW has failed to seek relief that will redress its alleged injury, we hold that the union lacks individual standing to bring this suit.
 
 B.
 
 16
 As we discussed above, it is clear that the UFCW's complaint asserted associational standing on behalf of the union's members. "[U]nder certain circumstances, injury to an organization's members will satisfy Article III and allow that organization to litigate in federal court on their behalf." International Union, UAW v. Brock, 477 U.S. 274, 281, 106 S.Ct. 2523, 2528, 91 L.Ed.2d 228 (1986). The Supreme Court has articulated a three-part test that must be met for an association to have standing to bring suit on behalf of its members. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977). First, the UFCW's members must have standing to sue in their own right. Here, given the allegations of the complaint, it is plain that the aggrieved employees would have individual standing. Section 2104(a)(5) allows suit by the union's members to the extent they are aggrieved employees, and they obviously are in a position to assert the necessary injury, causation, and redressability to demonstrate standing. Second, the interests the UFCW seeks to protect must be "germane to the [union's] purpose." Hunt, 432 U.S. at 343, 97 S.Ct. at 2441. Notice of plant closure and member layoffs, and the loss of pay and benefits to members upon premature closure, are interests that are "germane" to the UFCW's purpose as the exclusive bargaining agent of its members' terms and conditions of employment with Brown Shoe.
 
 
 17
 It is the third part of the Hunt test, that "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit," id., that poses problems for the UFCW. If the union had requested only prospective relief, the likelihood of success in asserting associational standing would have been improved. See Warth, 422 U.S. at 515, 95 S.Ct. at 2213-14 ("If in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured. Indeed, in all cases in which we have expressly recognized standing in associations to represent their members, the relief sought has been of this kind."); Arkansas Medical Soc'y, Inc. v. Reynolds, 6 F.3d 519, 528 (8th Cir.1993). But the union is not seeking a declaratory judgment or an injunction.[6] Moreover, the damages sought are not for the UFCW's own monetary loss,[7] nor does the union claim to have an assignment of the monetary claims of its members. See Warth, 422 U.S. at 515, 95 S.Ct. at 2213-14.
 
 
 18
 Under the WARN Act, an aggrieved employee ordinarily can recover as damages (subject to certain reductions) up to sixty days worth of backpay and benefits due under an employee benefit plan, "including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred." 29 U.S.C. Sec. 2104(a). It is apparent that the relief the UFCW seeks here--the backpay and benefits to which its members are entitled by law--would require individualized proof.
 
 
 19
 If the case were to go to trial, the court would first be required to determine on a case-by-case basis which Brown Shoe employees who are also union members are "aggrieved" within the meaning of the WARN Act, and the extent to which they are aggrieved. For example, according to the complaint, the allegedly aggrieved employees were terminated at different times over a two-month period. If the notice to the international union were held to be sufficient under the WARN Act, then the court would need to know the date of each employee's layoff in order to calculate damages, necessitating individualized examination of each union member's employment record. Further, because the aggrieved employees who are members of the union were paid on a piecework basis, rather than being paid an hourly wage, calculation of damages would require proof specific to each employee. Amounts to be awarded for medical expenses, if any, is another question of fact that could be resolved only on an individual basis.
 
 
 20
 "[T]he damages claims are not common to the entire membership, nor shared by all in equal degree. To the contrary, whatever injury may have been suffered is peculiar to the individual member concerned, and both the fact and extent of injury would require individualized proof." Warth, 422 U.S. at 515-16, 95 S.Ct. at 2213-14. Each union member who wishes to recover WARN Act damages from Brown Shoe must participate in the suit so that his or her right to damages can be determined and the quantum of damages can be calculated by the court on the basis of particularized proof. Therefore, the union cannot meet the third part of the Hunt test and is precluded from asserting associational standing. Cf. Brock, 477 U.S. at 288, 106 S.Ct. at 2532 (holding that participation of individuals was not required where the district court would not determine damages because "the unique facts of each UAW member's claim will have to be considered by the proper state authorities [post-judgment] before any member will be able to receive the benefits allegedly due him"). We conclude that the District Court was correct in holding that the UFCW lacks not only individual standing but also associational standing to assert the claims it has made in its complaint.
 
 III.
 
 21
 The UFCW contends that the District Court erred in denying its motion to alter or amend judgment. Specifically, the union argues on appeal that it should have been permitted to amend its complaint. We review the court's ruling for abuse of discretion. Concordia College Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 926, 127 L.Ed.2d 218 (1994).
 
 
 22
 The UFCW in its motion to alter or amend judgment sought leave to amend its complaint to request declaratory relief and to add individual plaintiffs. The District Court was troubled by the union's delay in seeking leave to amend. Brown Shoe, in its motion to dismiss the complaint, even suggested that an amended complaint might be in order. Nevertheless, the court noted, the UFCW failed to move to amend its complaint during the nearly nine months that Brown Shoe's motion to dismiss was pending. It was not until ten days after the court dismissed the union's suit for lack of standing that the union requested leave to amend the complaint, by way of its motion to alter or amend the judgment.
 
 
 23
 "Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal." Humphreys v. Roche Biomedical Lab., Inc., 990 F.2d 1078, 1082 (8th Cir.1993). Here, the union has made no attempt to explain or to justify its delay in seeking leave to amend--in spite of having been put on notice (by the opposing party, no less) of the possible need to amend. We cannot say the District Court abused its broad discretion in denying the UFCW's motion to alter or amend the judgment. See Wayzata Bank & Trust Co. v. A & B Farms, 855 F.2d 590, 595 (8th Cir.1988).
 
 IV.
 
 24
 The judgment of the District Court is affirmed.
 
 
 
 *
 The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri
 
 
 [2]
 The UFCW's motion to amend its notice of appeal, ordered taken with the case, is granted
 
 
 [3]
 Standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked
 Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984).
 
 
 [4]
 Amici curiae assert that the union sustained injury because the failure of notice "deprived the Union from [sic] obtaining the dues which would otherwise have been payable to them [sic] had the workers received 60 days notice." Amicus Brief at 7. The UFCW made no such allegation of injury in its complaint, in any of its other filings in District Court, or in its brief to this Court
 
 
 [5]
 The situation in this case is distinguishable from that presented in International Union, UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1965). In Hoosier, a case where standing was not the issue, the Court noted that a union had standing to bring suit under Sec. 301 of the Labor Management Relations Act of 1947 to recover monetary damages claimed by its members. Those claims, however, were made "pursuant to the terms of a collective bargaining contract." Id. at 699, 86 S.Ct. at 1110. The union was seeking "to vindicate employee rights under a contract the union obtained." Id. at 700, 86 S.Ct. at 1110. The Court further noted that the union's standing "implements no more than the established doctrine that the union's role in the collective bargaining process does not end with the making of the contract." Id. The union had individual, direct standing because its cause of action arose from a contract to which it was a party. In contrast, the claims the UFCW makes here are based on the WARN Act, rather than on a collective bargaining agreement
 
 
 [6]
 The UFCW suggests that the court could have awarded the union injunctive relief. See Brief for Appellant at 14 ("Because the Union alleged a personal stake in the outcome of the WARN dispute, the court had power to hear its claims, at least for purposes of awarding an injunctive remedy."). Although it is not clear what action of Brown Shoe the UFCW would have had the court enjoin, it is doubtful that injunctive relief would have been forthcoming even if it had been sought. The WARN Act, 29 U.S.C. Sec. 2104(b), provides that "[t]he remedies provided for in this section shall be the exclusive remedies for any violation of this chapter. Under this chapter, a Federal court shall not have authority to enjoin a plant closing or mass layoff."
 
 
 [7]
 The catch-all prayer for relief in the union's complaint is not sufficient to assert a claim for monetary damages for the union's own injury. See supra p. 1430