In re **HANLIN GROUP, INC.,** Hanlin Chemicals West Virginia, Inc., LCP National Plastics, Inc., and LCP Transportation, Inc., Debtors.

**OIL, CHEMICAL AND ATOMIC WORKERS AFL–CIO–CLC** and Its Local Union 3–586, on Behalf of the Members Employed at Hanlin Chemical, West Virginia, Inc., Plaintiff,

v.

**HANLIN GROUP, INC.,** Hanlin Chemicals West Virginia, Inc., LCP Plastics, Inc. and LCP Transportation, Inc., Defendants.

Bankruptcy Nos. 91–33872 to 91–33875. Adv. No. 92–3446TS.

United States Bankruptcy Court, D. New Jersey.

Aug. 25, 1995.

---

**2.** We note that the heading was drafted by Congress in the 1978 amendment to this section.

*See* Pub.L. 95–598.

Bennett Zurofsky, Reitman Parsonnet, Newark, NJ, for plaintiff.

Lisa Bonsall, McCarter and English, Newark, NJ, for defendants.

## MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

### I. INTRODUCTION

This shall constitute the court's decision on debtor-defendants'[1] motion to dismiss this adversary proceeding and the cross-motion of plaintiff Oil, Chemical and Atomic Workers Union ("OCAW") to amend its complaint. The debtors contend that this adversary proceeding must be dismissed because OCAW lacks standing to present claims on behalf of its members for violation of the WARN Act. OCAW argues in opposition that it has both direct and associational standing, and alternatively that it should be permitted to amend its complaint to add its members as plaintiffs if this court determines that OCAW does not have standing.

This court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151 and 157(a). The controversy at issue constitutes a core proceed-

---

**1.** References in this opinion to "debtor" shall mean only those debtors against which OCAW seeks relief, i.e., Hanlin Group, Inc. and Hanlin Chemicals West Virginia. The complaint named the other two debtors in these jointly administered cases as defendants, but sought no relief against them.

ing. *Id.* § 157(b)(2)(A), (B) and (O). For the reasons that follow, the debtors' motion to dismiss OCAW as plaintiff is granted. However, OCAW's cross-motion to amend its complaint to name certain of its individual members as plaintiffs is also granted.

## II. FINDINGS OF FACT

OCAW commenced this adversary proceeding with the filing of its complaint on August 21, 1992.[2] The complaint alleges that the debtors violated the Worker Adjustment Retraining and Notification Act ("WARN" or "WARN Act"), 29 U.S.C. §§ 2101–2109 (1988), by failing to provide their employees with proper advance notice of a mass layoff of those employees at the debtors' Moundsville, West Virginia plant. The complaint named OCAW, AFL–CIO–CLC and its Local Union 3–586 as plaintiff "on behalf of the members employed at Hanlin Chemical, West Virginia, Inc." The complaint did not, however, name any individually affected worker as a plaintiff. In its prayer for relief, OCAW sought both what it described as declaratory relief and damages on behalf of OCAW members allegedly injured by the debtors' violation of WARN.

The debtors filed their motion to dismiss for lack of standing on May 9, 1995. This court reserved decision at the conclusion of a hearing held on June 19, 1995.

## III. CONCLUSIONS OF LAW

### A.

■ The debtors' motion to dismiss relies upon *United Food and Commercial Workers International Union Local 751 v. Brown Group, Inc.,* 50 F.3d 1426 (8th Cir.1995) (hereinafter, *"UFCW, Local 751"*) which held that a union lacked standing to assert a claim for violation of the WARN Act on behalf of its members because the union had not met the Constitutional test to assert either a direct or associational standing on behalf of its members. As in that case, the plaintiff in this case relies upon the terms of the WARN Act, which states in pertinent part:

A person seeking to enforce such liability, including a representative of employees or a unit of local government aggrieved under paragraph (1) or (3), may sue either for such person or for other persons similarly situated, or both, in any district court of the United States for any district in which the violation is alleged to have occurred, or in which the employer transacts business. 29 U.S.C. § 2104(a)(5). A "representative" under the statute is "an exclusive representative of employees" as defined in federal labor laws. *Id.* § 2101(a)(4). The OCAW in this case, like the plaintiff in *UFCW, Local 751, supra,* is such a representative. The court held, however, that it doesn't necessarily follow that the union has standing:

"Standing does not refer simply to a party's capacity to appear in court," but rather to "'whether the particular plaintiff is entitled to an adjudication *of the particular claims asserted.'*"

*UFCW, Local 751,* 50 F.3d at 1428–29 (quoting *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 77, 111 S.Ct. 1700, 1704, 114 L.Ed.2d 134 (1991)). The court then held that under applicable Supreme Court precedent, the union lacked direct standing and standing to sue on behalf of its members because individualized proofs would be required as to each member's damages. *Id.* at 1430 and 1432. The OCAW argues that this court should not follow *UFCW, Local 751* because it was decided incorrectly. This court disagrees.

### B.

■ OCAW contends that it has direct standing because it suffered an injury when the debtors failed to provide OCAW with the statutorily-required WARN notice. However, a person does not meet the test for direct standing under Article III unless he suffers an injury to himself that is distinct and palpable. *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1974); *Hospital Council v. City of Pittsburgh,* 949 F.2d 83, 86 (3d Cir.1986). OCAW cannot establish direct standing because it has not alleged any direct injury to itself, as a union. Declarato-

---

2. The complaint was thereafter amended on June 16, 1993.

ry relief and damages *for OCAW members,* which is all that OCAW has sought in this case, will not redress any injury *OCAW* might arguably have suffered by not receiving the WARN notice. *See UFCW, Local 751,* 50 F.3d at 1430.

### C.

OCAW argues alternatively that it has associational standing to assert claims on behalf of its members. *UFCW, Local 751* held, on similar facts, that the union in that case had no such standing. *Id.* at 1432. This court concludes that the same result must be reached here.

An association will have standing to sue in federal court on behalf of its members where:

(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and *(c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.*

*United States v. Local 560 (I.B.T.),* 974 F.2d 315, 339–40 (3d Cir.1992) (quoting *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 342, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977)) (hereinafter "*Hunt* test") (emphasis added). The first two elements of the *Hunt* test are not at issue here. The question is whether the claims asserted and relief requested require the participation of OCAW's members in this lawsuit, and the answer is plainly that their participation is required. If the debtors are found to have violated the WARN Act, the damages sustained by each union member will depend upon variables including their hourly rate of pay, when they left the debtors' employ, and what if any unreimbursed medical expenses they incurred during the relevant period. 29 U.S.C. § 2104(a)(1) and (2); *UFCW, Local 751,* 50 F.3d at 1431–32. It follows that the OCAW cannot satisfy the third element of the *Hunt* test.

### D.

The OCAW argues that the third element of the *Hunt* test is "prudential" (i.e. created by the courts for self-governance), and that it

can therefore be eliminated by Congress. *See Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 100, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1978) (citing *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1974)). However, the Supreme Court held in *Warth v. Seldin* that it is a requirement of Article III of the Constitution, rather than a prudential requirement, that the plaintiff must himself have been injured:

Congress may grant an express right of action to persons who otherwise would be barred by prudential standing rules. *Of course, Art. III's requirement remains: the plaintiff still must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants.*

*Warth v. Seldin,* 422 U.S. at 501, 95 S.Ct. at 2206 (citation omitted) (emphasis added). *See also Gladstone Realtors v. Village of Bellwood,* 441 U.S. at 100, 99 S.Ct. at 1608; *International Union, UAW v. Brock,* 477 U.S. 274, 288, 106 S.Ct. 2523, 2531–32, 91 L.Ed.2d 228 (1986); *UFCW, Local 751,* 50 F.3d at 1429.

### E.

OCAW argues in the alternative that it is seeking declaratory relief on behalf of its members, and that the third element of the *Hunt* test for associational standing is therefore satisfied. That argument is based upon the statement in *Warth v. Seldin* that "[i]f in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured." *Id.* at 515, 95 S.Ct. at 2213. OCAW argues that it seeks a declaratory judgment that the debtors violated WARN, and therefore the quoted provision from *Warth v. Seldin* applies. That argument misconstrues the nature of declaratory relief. As noted in the above-quoted sentence, a declaratory judgment is a form of prospective relief.

The essential distinction between an action for declaratory judgment and the usual action is that it is preventative in nature,

no actual wrong need have been committed or loss have occurred in order to sustain the declaratory judgment action, but there must be no uncertainty that the loss will occur or that the asserted right will be invaded. Thus, the purpose of the declaratory judgment is to resolve uncertainties and controversies *before obligations are repudiated, rights are invaded or wrongs are committed.*

22A Am.Jur.2d *Declaratory Judgments* § 1 (1988) (footnotes omitted) (emphasis added). "The purpose of the Federal Declaratory Judgment Act is to settle actual controversies before they ripen into violations of law or a breach of duty...." *Id.* § 14. It follows that the "declaration" which the OCAW is seeking that the debtors violated the WARN Act is not in the nature of a declaratory judgment because it would not provide prospective relief resolving a controversy before a breach of duty occurs. Rather, the "declaration" which OCAW seeks is only a conclusion of law that the debtors violated the WARN Act, and that they are liable to certain OCAW members as a result. *See UFCW, Local 751,* 50 F.3d at 1431.

For these reasons, the court concludes that the OCAW does not have associational standing to assert on behalf of its members that the debtors violated the WARN Act when they closed the Moundsville, West Virginia plant.

## IV.

■ OCAW cross-moves in the alternative to amend its complaint to add four members with direct claims as plaintiffs. The debtors oppose the cross-motion, arguing that they are prejudiced by the lateness of the amendment, and that the amendment would be futile because the case should be dismissed as to the new plaintiffs as well. The arguments in opposition fail, for these reasons.

As for the argument that the debtors are prejudiced, the only potential prejudice is the pendency of the trial date, which the court will adjourn in light of its ruling on these motions. Although the court is concerned about the length of time this case is taking, it can be argued that the delay was occasioned in part by the fact that the debtors failed to file this motion until the decision in *UFCW, Local 751.* Because the court is granting the debtors' belated motion to dismiss OCAW as plaintiff, fairness requires that individual members of the OCAW with direct claims have an opportunity to be substituted as plaintiffs. However, because of the fact that OCAW has been on notice of the possibility of this result since the debtors filed and served this motion in May, the court will grant an additional period of only twenty days from the date of the order on these motions to identify and add any and all new plaintiffs.

■ The debtors' argument that the amendment would be futile also fails. An amendment is futile if the complaint is vulnerable to a motion to dismiss, even after being amended. *Jablonski v. Pan American World Airways, Inc.,* 863 F.2d 289, 292 (3d Cir.1988); *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir.), *cert. denied,* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983). OCAW's complaint will not, however, be vulnerable to a motion to dismiss after being amended. The individual members of OCAW clearly pass the Article III direct standing test. Moreover, there is no contention that there is a defect in the actual claim for money damages. Because the complaint would therefore withstand a motion to dismiss, the motion to amend is not futile.

■ The court also rejects the debtors' argument that the claims of individual members of OCAW are time-barred. OCAW filed a timely proof of claim on behalf of its members. The filing of a proof of claim by an "authorized representative" is explicitly permitted by Fed.R.Bankr.P. 3001(b). A union is an "authorized representative" of its members under Rule 3001(b) for these purposes. *In re Chateaugay Corp.,* 104 B.R. 626, 635–37 (S.D.N.Y.1989). The purpose of a proof of claim is to apprise the debtor and any other interested creditors of the existence of claims and the claim holders' intention to hold the estate liable for debts. *In re Stern,* 70 B.R. 472, 476 (Bkrtcy.E.D.Pa.1987). OCAW's proof of claim on behalf of its members fulfilled that purpose here.

708

For these reasons, OCAW's cross-motion shall be granted.

## CONCLUSION

For the foregoing reasons, the debtors' motion to dismiss OCAW as plaintiff and OCAW's cross-motion to add certain of its individual members to its complaint as plaintiffs are granted. Counsel for the debtors shall submit a form of order within seven days under D.N.J.Bankr.Ct.R. 4(c). As soon as that order is entered, counsel for the debtors shall arrange a telephone conference to schedule further proceedings in this adversary proceeding.