**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2572
_____

SHAMROCK CREEK LLC

v.

BOROUGH OF PARAMUS; PARAMUS ZONING BOARD OF ADJUSTMENT;
PARAMUS PLANNING BOARD; MAYOR RICHARD LABARBIERA; RALPH AMATO;
MARIA ELENA BELLINGER; JOSEPH LAGANA; THOMAS LOCICERO;
ERIC NAZZIOLA; MICHAEL ROHDIECK; JAMES TEDESCO; LISA MESEROLE;
BOSWELL ENGINEERING, INC.; PETER TEN KATE; MARK DISTLER; ED ONORATO;
JOHN DOES 1-25; XYZ ENTITITES 1-25; VERILE PATRICK; DONNA WARBURTON;
JEANNE WEBER; PATRICK O'BRIEN; STEPHEN SULLIVAN; JOSEPH GARCIA

BOROUGH OF PARAMUS; PARAMUS ZONING BOARD OF ADJUSTMENT;
MAYOR RICHARD LABARBIERA; RALPH AMATO; MARIA ELENA BELLINGER;
JOSEPH LAGANA; THOMAS LOCICERO; ERIC NAZZIOLA; MICHAEL ROHDIECK;
JAMES TEDESCO; LISA MESEROLE; VERILE PATRICK; DONNA WARBURTON;
JEANNE WEBER; PATRICK O'BRIEN; STEPHEN SULLIVAN; JOSEPH GARCIA,
Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2-12-cv-02716)
District Judge: Hon. Claire C. Cecchi

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 18, 2016

Before: McKEE, *Chief Judge*,* FUENTES and ROTH, *Circuit Judges*.

_____

* Judge McKee concluded his term as Chief of the U.S. Court of Appeals for the Third Circuit on September 30, 2016.

_____

OPINION**
_____

McKEE, *Chief Judge*

Appellants (hereinafter collectively referred to as "the Borough")[1] appeal the District Court's grant of Shamrock's Motion for Voluntary Dismissal as well as the District Court's denial of the Borough's Motion for Sanctions. We will affirm.

**I.**

After the Borough moved to dismiss Shamrock's Second Amended Complaint, Shamrock moved to voluntarily dismiss that Amended Complaint under Rule 41 of the Federal Rules of Civil Procedure and instead litigate its claims in state court. The Borough opposed the Motion and filed a Cross-Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure.

The District Court granted Shamrock's Rule 41 Motion, finding that the Borough would not suffer any prejudice other than the prospect of continued litigation in state court. The District Court also denied the Borough's Rule 11 Cross-Motion, finding that sanctions were inappropriate. The Borough appeals.

---

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Appellants include the Borough, the Borough Zoning Board, both the current and former Mayor of Paramus, numerous members of the Paramus Borough Council, the Residential and Zoning Signage Officer for Paramus, and a member of the Borough Zoning Board.

We review both of the District Court's rulings for an abuse of discretion.[2] "A district court abuses its discretion when 'its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'"[3]

## II.

Under Rule 41 of the Federal Rules of Civil Procedure, once an answer has been filed, a plaintiff may not voluntarily dismiss a case unless all parties approve or unless there is a court order "on terms that the court considers proper."[4] As a general rule, a district court has broad discretion to grant Rule 41 motions.[5] Such motions are generally granted unless a defendant will suffer legal prejudice "other than the mere prospect of a second lawsuit."[6] We will generally not disturb an order of voluntary dismissal on appeal if the decision was not arbitrary or does not subject a defendant to prejudice beyond further litigation.[7]

With this guidance in mind, we conclude that the District Court's decision in this case was a proper exercise of judicial discretion.[8] The District Court considered all factors necessary to determine whether voluntary dismissal would substantially prejudice

---

[2] *See In re Miller*, 730 F.3d 198, 203 (3d Cir. 2013); *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974).

[3] *Hagan v. Rogers*, 570 F.3d 146, 152 (3d Cir. 2009) (quoting *Danvers Motor Co., Inc. v. Ford Motor Co.*, 543 F.3d 141, 147 (3d Cir. 2008)).

[4] Fed. R. Civ. P. 41(a)(2).

[5] *See Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (3d Cir. 1951).

[6] *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990) (quoting 5 J. Moore, *Moore's Federal Practice* ¶ 41.05[1], at 41–62 (1988) (internal quotation marks omitted)).

[7] *Westinghouse Elec. Corp. v. United Elec. Radio & Mach. Workers of Am.*, 194 F.2d 770, 771 (3d Cir. 1952).

[8] *See id.* at 772.

the Borough, and it concluded that it would not be subjected to any prejudice other than the prospect of continued litigation in state court.[9]

The District Court's denial of the Borough's related Cross-Motion for Sanctions also was appropriate. We give the District Court's Rule 11 determination substantial deference, and we will override the decision only if it is "contrary to reason or without a reasonable basis in law and fact."[10] This record simply does not support Borough's claim that the District Court should have imposed sanctions for the transfer to state court. The District Court also appropriately considered the attorneys' conduct and concluded that the Borough failed to show that Shamrock had engaged in bad faith conduct or had filed its Complaint without first making a reasonable inquiry.[11]

### III.

Accordingly, we will affirm the District Court's judgment in its entirety.

---

[9] *See Paoli*, 916 F.2d at 863; *Westinghouse*, 194 F.2d at 771.

[10] *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994); *see also CTC Imps. & Exps. v. Nigerian Petroleum Corp.*, 951 F.2d 573, 578 (3d Cir. 1991).

[11] *See Simmerman*, 27 F.3d at 62 (summarizing Rule 11's requirements and finding that "[t]he standard for testing an attorney's conduct is that of what was objectively reasonable under the circumstances").

4